## Commonwealth *v.* Armstead, Appellant.

Submitted April 15, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Frank Armstead,* appellant, in propria persona.

*Walter M. Phillips, Jr.* and *Michael J. Rotko,* As-
sistant District Attorneys, *Richard A. Sprague,* First
Assistant District Attorney, and *Arlen Specter,* Dis-
trict Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1968:
This is an appeal from an order of the Court of
Oyer and Terminer of Philadelphia County, dismissing,
after hearing, a petition seeking relief under the Post
Conviction Hearing Act.   Appellant was convicted on
May 18, 1960, of second degree murder, after a plea
of guilty to murder generally.   He was sentenced to
a term of ten to twenty years.   No appeal was taken
from the judgment of sentence.

Appellant claims that he was denied the right to
appeal.   He testified that he was ignorant of his right
to appeal, and his trial counsel testified that he never
informed appellant of his right to appeal.   This testi-
mony was undisputed by the Commonwealth, and we

are convinced that the witnesses were telling the truth.[1] However, even accepting as true appellant's testimony, relief was properly denied. The instant situation was faced recently by this Court in *Com. v. Stokes*, 426 Pa. 265, 267, 232 A. 2d 193 (1967), where we stated: "Appellant's allegation that he was denied the right to appeal his conviction is not well founded. A plea of guilty to murder generally is sufficient of itself to sustain a conviction of murder in the second degree. Commonwealth ex rel. Bostic v. Cavell, 424 Pa. 573, 576, 227 A. 2d 662, 664 (1967). Thus the only issues which would have been available for appellant to challenge on direct review would have been the validity of the plea and the lawfulness of the sentence. [footnote omitted] But since both these claims are cognizable in a collateral proceeding, the denial of the right to appellate review, even if true, would not be prejudicial.[2] See Commonwealth ex rel. Davis v. Russell, 422 Pa. 223, 220 A. 2d 858 (1966)."

The order of the court below dismissing the petition is affirmed.

Mr. Justice Cohen took no part in the consideration or decision of this case.

---

[1] Inasmuch as no opinion was written by the trial judge, it is impossible to determine exactly what *his* reasons for dismissing the petition were.

[2] Armstead has already made both challenges collaterally. He unsuccessfully challenged his sentence in a prior Post Conviction Hearing Act petition, and he unsuccessfully challenged the validity of his guilty plea in a federal habeas corpus action, the appellate report of which is *United States ex rel. Armstead v. Rundle*, 381 F. 2d 370 (3d Cir. 1967). [footnote added]