Commonwealth *v.* Culpeper, Appellant.

Submitted January 6, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Leonard S. Goodman, Martin K. Miller* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

This is an appeal from the denial, after hearing, by the Court of Oyer and Terminer of Philadelphia County, of appellant's petition for relief under the Post Conviction Hearing Act. On May 3, 1967, appellant, Charles A. Culpeper, pleaded guilty to murder generally before a three judge panel. After a degree of guilt hearing, the court found appellant guilty of second degree murder, one judge being of the view that a conviction of first degree murder was warranted. Appellant filed no post-trial motions, and on May 4, 1967, he was sentenced to ten to twenty years imprisonment. No direct appeal was taken from the judgment of sentence.

On January 8, 1968, appellant filed a post-conviction petition. He made numerous allegations, which in essence amounted to four alleged errors: (1) he was represented by incompetent counsel; (2) his guilty plea was an unknowing one; (3) he was denied a right of allocution, and (4) he was denied his right to appeal. The court below found against appellant on the first two issues and did not discuss the next two. It denied the requested relief.

Appellant is represented on this appeal by the Defender Association of Philadelphia, which also repre-

sented him below. The Defender Association requested permission to withdraw as counsel which permission was granted, conditioned on appellant's retaining other counsel. The condition precedent failed to occur, and the Defender Association filed a brief, arguing that appellant was denied his right to appeal. Appellant himself has also filed a brief—virtually unintelligible as, quite naturally, are most prisoner-drawn briefs. However, it can be determined that appellant is once again raising the issues of incompetency of counsel and an unknowing guilty plea. In view of the strained relations between appellant and counsel, we have considered these two issues and find appellant's contentions to be without merit. Appellant's allegation of incompetent counsel was based on counsel's advice to plead guilty. Clearly this was a valid strategic choice in light of the Commonwealth's overwhelming case. *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). As for the allegation that the guilty plea was an unknowing one, there is a presumption that a defendant is aware of the consequences of his plea. The burden of rebutting such a presumption rests on the petitioner. *Commonwealth v. Cushnie*, 433 Pa. 131, 249 A. 2d 290 (1969); *Commonwealth v. Hill*, 427 Pa. 614, 235 A. 2d 347 (1967); *Com. ex rel. Crosby v. Rundle*, 415 Pa. 81, 202 A. 2d 299 (1964). Appellant has failed utterly to meet this burden. Judge CHUDOFF in the trial court conducted a searching examination to ascertain that appellant was aware of the nature of the plea, of the results that flowed therefrom, of the possible consequences, and of the penalties that might be imposed.

The only remaining issue is the allegation that appellant was denied his right to appeal. Apparently the allegation is true, for appellant's trial counsel testified that he told appellant that appellant did not have the

right to appeal. However, the fact that appellant was denied the right to appeal does not here entitle him to any collateral relief. For appellant pleaded guilty. The plea in itself is sufficient to sustain a conviction of murder in the second degree. *Commonwealth ex rel. Bostic v. Cavell*, 424 Pa. 573, 227 A. 2d 662 (1967). Thus the only issues available on direct review are the validity of the plea and the lawfulness of the sentence. *Commonwealth v. Armstead*, 430 Pa. 428, 243 A. 2d 443 (1968); *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967). Since both of these claims are cognizable in a collateral proceeding, the denial of the right to direct appellate review is not prejudicial. *Armstead*, supra; *Stokes*, supra.

Appellant contends, however, that he was indeed prejudiced because he was unable to raise at any time the issue of whether the trial court erred in not holding that appellant had produced enough evidence to reduce the offense to voluntary manslaughter. He recognizes the import of *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968), which holds that the issue of the failure to reduce the crime to voluntary manslaughter is cognizable in a collateral attack because in essence it is not a question of the sufficiency of the evidence but an attack on the validity of the plea. Yet he argues that *Walters* was not decided until three months after the argument was held below in the present case. His contention is that he expected, after being granted the right to appeal *nunc pro tunc*, to be able to argue on direct appeal that the trial court erred in not reducing the degree to voluntary manslaughter. Appellant contends that he was not bound to anticipate the holding of *Walters* that such an argument is cognizable in a collateral attack. There is merit in such an argument. However, appellant's suggested relief—a remand for consideration of the reduc-

tion to voluntary manslaughter question—does not follow. For the identical issue was presented in *Walters* itself, where Walters had assumed that the reduction question could be considered only on direct appeal. We did not there remand, but rather considered the evidence ourselves to determine whether the trial judge properly permitted the plea of guilty to stand.

Having examined the evidence adduced at the degree of guilt hearing, we have no doubt at all that the trial court did not err in refusing to reduce the crime to voluntary manslaughter. One judge on the three man panel voted for first degree murder. The other two indicated that the evidence barely missed first degree. Voluntary manslaughter requires "sufficient cause of provocation and a state of rage or passion, without time to cool, placing the prisoner beyond the control of his reason, and suddenly impelling him to the deed." *Commonwealth v. Walters*, supra at page 82; *Commonwealth v. Paese*, 220 Pa. 371, 373, 69 Atl. 891 (1908). Here the only asserted provocation was a short argument over money. That this was not the sort of provocation that can reduce murder to voluntary manslaughter is evidenced from appellant's own testimony, wherein he stated that he was never angry at any time. In fact, he testified that he was simply trying to scare the decedent. The Commonwealth proved that appellant took his gun with him before he went out for the evening, and that the gun was used on a vital part of the body of the decedent. It further proved that appellant stated "You don't think I'll shoot you" two or three times before the fatal shot was fired. The evidence in this case may well have supported a verdict of first degree murder, and it was certainly not error to refuse to reduce the crime to voluntary manslaughter.

The order of the court below, denying post-conviction relief, is affirmed.