Commonwealth *v.* Dillinger et al., Appellants.

Argued March 17, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James A. Lynn,* with him *Coldren & Adams,* for appellant.

*Henry R. Beeson,* for appellant.

*Conrad B. Capuzzi* and *Gerald R. Solomon,* Assistant District Attorneys, with them *Joseph E. Kovach,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 9, 1970:

In 1964, appellants, Robert Dillinger and James E. Kern, while represented by counsel, pleaded guilty to indictments charging them with the murder of one Joseph J. Illig. Illig had died seven days after he had been robbed and beaten severely by one or both defendants, the immediate cause of death having been a blood clot in the cerebral artery.

At the degree of guilt hearing the court determined that Dillinger was guilty of second degree murder and sentenced him to a term of 10 to 20 years imprisonment, and that Kern was guilty of first degree murder and sentenced him to life imprisonment. Pretrial statements of the defendants indicated that Kern had done the actual beating, but at the degree of guilt hearing Kern denied this and stated Dillinger was the chief

offender. No post-trial motions were filed, and no appeals were taken from the judgments of sentence.

In 1968, both appellants filed petitions under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq., alleging that they had been denied their right of appeal.[1] After appointment of counsel and hearings below, both petitions were found meritorious, and both appellants were granted leave to file post-trial motions *nunc pro tunc.* Both appellants thereafter filed motions in arrest of judgment, and appellant Kern filed a motion for leave to withdraw his guilty plea. The court below denied all of these motions, and these appeals followed. We affirm.

Kern's motion in arrest of judgment[2] and his motion to withdraw his guilty plea are both premised on an allegation that the testimony of the Commonwealth's medical experts at the degree of guilt hearing failed to establish beyond a reasonable doubt that the beating which the decedent received caused the blood clot which

---

[1] Both defendants had filed previous post-conviction petitions. In 1965, defendant Dillinger filed a petition for a writ of habeas corpus challenging, *inter alia,* the validity of his plea because of a technical defect. That petition was dismissed without a hearing, and this Court affirmed. *Commonwealth ex rel. Dillinger v. Russell,* 422 Pa. 155, 220 A. 2d 619 (1966). In 1966, defendant Kern filed a PCHA petition alleging, *inter alia,* that his guilty plea had been unlawfully induced. This petition was similarly denied without a hearing in an order which was affirmed by this Court. *Commonwealth ex rel. Kern v. Maroney,* 423 Pa. 369, 223 A. 2d 706 (1966). In neither of these proceedings did the petitioner have the assistance of counsel; therefore, neither constituted a waiver under §4 of the PCHA of any issue they now raise. *Commonwealth v. Satchell,* 430 Pa. 443, 447, 243 A. 2d 381 (1968).

[2] A motion in arrest of judgment is an available means through which to challenge the sufficiency of the evidence after conviction *in a trial by jury.* Act of June 15, 1951, P. L. 585, §1, 19 P.S. §871. It is not properly utilized after a plea of guilty, which takes the place of conviction at a trial.

was the immediate cause of Illig's death. He concludes from this that he could not, therefore, be found guilty of murder, let alone murder in the first degree.

The defect in Kern's argument is his failure to appreciate the effect of his guilty plea and the nature of the degree of guilt hearing. "A voluntary plea of guilty is a formal confession of guilt and is equivalent to the jury verdict . . . it admits the facts pleaded in the indictment so as to *obviate the necessity for corroborating evidence.* Commonwealth ex rel. Hough v. Maroney, 425 Pa. 411, 229 A. 2d 913 (1967)." *United States ex rel. Crosby v. Brierley,* 404 F. 2d 790, 797 (3d Cir. 1968). (Emphasis supplied.) Thus, when an accused pleads guilty to an indictment charging him with murder, he admits that a murder has been committed and that he is the perpetrator thereof. "A plea of guilty to murder generally is sufficient of itself to sustain a conviction of murder in the second degree. Commonwealth ex rel. Bostic v. Cavell, 424 Pa. 573, 576, 227 A. 2d 662, 664 (1967)". *Commonwealth v. Brown,* 436 Pa. 423, 427, 260 A. 2d 742 (1970); *Commonwealth v. Stokes,* 426 Pa. 265, 267, 232 A. 2d 193 (1967). At the degree of guilt hearing, therefore, the Commonwealth had no burden of proving that Kern by his acts had committed a murder. The issue as to which proof was called for from the Commonwealth was the degree of the crime committed; on that issue the Commonwealth introduced evidence tending to show a serious beating inflicted upon the decedent by appellants in the course of committing a robbery. The evidence on this point was found sufficient by the trial court to prove beyond a reasonable doubt that Kern's admitted murder was murder in the first degree; its finding in this regard is adequately supported by the evidence and is not contested in this appeal.[3] Thus Kern's present al-

---

[3] It is, of course, the duty of this Court in reviewing a conviction of murder in the first degree "to review both the law and

legation that the Commonwealth's evidence was insufficient to establish that which his plea had already admitted presents no cognizable issue. It neither undermines the court's finding of first degree nor does it indicate that Kern's plea was involuntary, unknowing, or otherwise invalid. Any evidence of causation at the degree of guilt hearing was in fact surplusage, and any defect which there may have been in such evidence is not a ground for setting aside the judgment of sentence or for allowing a withdrawal of Kern's plea.[4]

Kern has relied on *Commonwealth v. Radford,* 428 Pa. 279, 236 A. 2d 802 (1968) for the proposition that evidence which establishes only probable causation is insufficient. In that case, however, the defendant had

---

the evidence, and to determine whether the ingredients necessary to constitute murder in the first degree shall have been proved to exist." Act of February 15, 1870, P. L. 15, §2, 19 P.S. §1187. But that statutory command must, of course, be read in light of the elements of a crime supplied by a guilty plea. As noted in *Commonwealth v. Batley,* 436 Pa. 377, 385, 260 A. 2d 793 (1970), appellate review of the degree of guilt hearing in a first degree murder case following a guilty plea to murder generally will embrace at least an "inquiry as to whether the evidence was sufficient to justify a finding of murder in the first degree and the admissibility or inadmissibility of evidence upon which the conviction was bottomed" as well as the customary inquiry as to the voluntariness of the plea and the lawfulness of the sentence.

[4] Normally a plea of guilty may be withdrawn only in the specific situations which we have outlined in previous opinions. See *Commonwealth v. Evans,* 434 Pa. 52, fn. p. 56, 252 A. 2d 689 (1970); *Commonwealth v. Phelan,* 427 Pa. 265, 274-75, 234 A. 2d 540 (1967); *Commonwealth v. Scoleri,* 415 Pa. 218, 247-48, 202 A. 2d 521 (1964). Kern does not assert that any of these circumstances was present here. We note, however, with respect to the causation evidence, that we have reviewed the record and believe that the careful, detailed testimony of the Commonwealth's chief medical expert adequately demonstrated the requisite causal connection between the injuries inflicted upon Illig by appellant and the immediate cause of his death. Our holding is not, however, based upon this conclusion.

pleaded *not guilty,* and the challenge to the evidence relative to causation was in light of the Commonwealth's burden to prove every element of the crime beyond a reasonable doubt. The difference in the pleas is, of course, crucial, and renders *Radford* quite inapposite. See *Commonwealth v. Brown, supra,* 436 Pa. at 426, 427.

With regard to Dillinger, the lower court's order granting leave to file post-trial motions *nunc pro tunc* was technically incorrect. It is well established that a defendant convicted of second degree murder following a plea of guilty to murder generally may contest only the validity of his plea and the lawfulness of his sentence. Because those issues are fully cognizable in collateral proceedings, a denial of the defendant's right to appeal is nonprejudicial and a petitioner's allegation that his right of appeal was abridged is not, standing alone, a basis for relief. See *Commonwealth v. Stokes, supra,* and *Commonwealth v. Walters,* 431 Pa. 74, 244 A. 2d 757 (1968).

In his PCHA petition, Dillinger failed to raise either of the issues available to him; accordingly the lower court should have denied his petition without relief. Nevertheless, the court's subsequent order denying Dillinger's post-trial motions was in practical effect equivalent to a denial of his PCHA petition; we have treated the order as though properly made, and affirm.[5]

Judgments of sentence affirmed.

Mr. Justice ROBERTS concurs in the result.

---

[5] In his post-trial motion, Dillinger raised only the same issue pressed by Kern—the Commonwealth's alleged failure to present sufficient evidence on the causation issue. For the reasons set forth above, this issue would provide no basis for granting relief to Dillinger even if it were available to him.