## Commonwealth *v.* Ward, Appellant.

Submitted May 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Arthur S. Kafrissen,* and *Halbert, Kanter, Hirschhorn & Gilson,* for appellant.

*Martin H. Belsky,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and

*Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, March 18, 1971:

On January 9, 1961, the appellant, represented by counsel, entered a plea of guilty to murder generally. Following a degree of guilt hearing at which the District Attorney certified to the court that the crime rose no higher than murder in the second degree, appellant was found guilty of that crime by the trial court. No appeal was taken. In 1969 the appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1 et seq. alleging (1) that his guilty plea was primarily motivated by an involuntary confession, (2) that his guilty plea had not been knowingly entered, (3) that the evidence adduced at the degree of guilt hearing would not support any verdict greater than voluntary manslaughter, and (4) that his right to appeal had been unlawfully obstructed. Counsel was appointed and, following a hearing, relief was denied. This appeal followed. We shall discuss these claims seriatim.

(1) Initially we note that a defendant may no longer successfully make a collateral attack upon his guilty plea by proving merely that the plea was primarily motivated by an involuntary or otherwise constitutionally infirm confession. See, e.g., *Commonwealth v. Spruill,* 437 Pa. 530, 531, 263 A. 2d 471 (1970); *Commonwealth v. Garrett,* 425 Pa. 594, 598, 229 A. 2d 922 (1967). In addition to showing these factors, a defendant in order to be entitled to relief must also prove "serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann v. Richardson,* 397 U.S. 759, 774, 25 L. Ed. 2d 763 (1970); *United States ex rel. Broaddus v. Rundle,* 429 F. 2d 791 (3d Cir. 1970). See *Commonwealth v. Marsh,* 440 Pa.

590, 271 A. 2d 481 (1970). Our inquiry then is directed to the reasonableness of counsel's assessment of his client's case and his advice to the client in light thereof, including advice as to the implications and consequences of entering a guilty plea.

Appellant's trial counsel testified at the PCHA hearing that he and his co-counsel interviewed the appellant at least twice prior to trial, discussed with appellant the findings of their investigation,[1] recommended a plea of guilty based on their assessment of the case,[2] and explained to appellant that a guilty plea meant he would not have a trial and that in all proba-

---

[1] Before visiting the appellant in prison his counsel examined the detective's report, statements from eyewitnesses to the crime and the appellant's statement which had been given to the police. This statement indicated that the appellant was set upon by the deceased for no apparent reason while he (appellant) was walking on Lombard Street in Philadelphia, and that when the deceased pulled an ice pick, the appellant took it from him. Appellant stated that he pushed the pick at the deceased to try to persuade him to back away, but this tactic was unsuccessful and when the deceased "made a swing", appellant struck him.

That the weapon did in fact belong to the deceased is undisputed. Witnesses testified at the degree of guilt hearing that the appellant and the victim were sitting together on porch steps in the vicinity of the scuffle shortly before it began. The witnesses at the hearing, however, could testify only that they observed a scuffle; they could not determine which person was the aggressor or the reason for the affray. The evidence presented at the hearing did show that the decedent had been stabbed three times and that appellant apparently failed to avail himself of a means of escape, in order to avoid the confrontation.

[2] Counsel testified at the PCHA hearing that appellant's failure to avail himself of a means to escape from the struggle out of which the charges arose was the basic reason he recommended a plea of guilty to murder generally, since under these circumstances a claim of self-defense was not tenable. See *Commonwealth v. Johnston*, 438 Pa. 485, 263 A. 2d 376 (1970); *Commonwealth v. Collazo*, 407 Pa. 494, 180 A. 2d 903 (1962); *Commonwealth v. Johnson*, 213 Pa. 432, 62 Atl. 1064 (1906); *Commonwealth v. Breyessee*, 160 Pa. 451, 28 Atl. 824 (1894).

bility a prison sentence of eight to ten years would be imposed. Based on our review of the record we find that counsel's assessment of the case was indeed reasonable and his advice as to plea well founded. We have no hesitancy in concluding that appellant has failed to prove the "serious derelictions" on the part of counsel which are necessary to support his claim. Accordingly, petitioner's claim that he should now be allowed to withdraw his plea because it was primarily motivated by his involuntary confession must fail.

(2) The appellant further asserts that he could not knowingly have entered a guilty plea because he was not fully apprised of the meaning and consequences of entering such a plea. As previously noted, this allegation was contradicted by trial counsel's testimony. The hearing court accepted counsel's version, and found that appellant had not carried his burden of proof on this issue. See *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970). Absent some error of law, this conclusion of the hearing court will not be disturbed on appeal. *Commonwealth v. Young*, 433 Pa. 146, 249 A. 2d 559 (1969). Furthermore, although the guilty plea colloquy between the trial judge and the appellant may not be deemed adequate by today's standards, it was not inadequate at the time.[3] Inasmuch

---

[3] The on-record colloquy between the trial judge and the appellant was as follows:

The Court: "Do you understand what you are doing in pleading guilty?"

Defendant: "Yes, sir."

The Court: "You are fully apprised of the situation that confronts you? Do you understand what I am saying? You understand what you are doing."

Defendant: "Yes, sir."

The Court: "You heard what the district attorney said he certified to?"

Defendant: "Yes, sir.'"

The Court: "You are pleading guilty to the crime of murder."

as the case was tried before our decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968), the colloquy can form no basis for relief. See *Commonwealth v. Cushnie,* 433 Pa. 131, 249 A. 2d 290 (1969).

(3) Appellant's third claim, that the Commonwealth did not introduce sufficient evidence at the degree of guilt hearing to raise the crime above voluntary manslaughter, is likewise lacking in merit. When an accused pleads guilty to an indictment charging him with murder, he admits that a murder has been committed and that he is the perpetrator thereof; the plea in and of itself is sufficient to support a verdict of second degree murder. *Commonwealth v. Dillinger,* 440 Pa. 336, 339, 269 A. 2d 505 (1970); *Commonwealth v. Brown,* 436 Pa. 423, 427, 260 A. 2d 742 (1970); *Commonwealth v. Stokes,* 426 Pa. 265, 267, 232 A. 2d 193 (1967). Although it is true that the plea admits that the Commonwealth has sufficient evidence to support a conviction for second degree murder, the accused nevertheless may introduce evidence to show that the crime in fact rises no higher than voluntary manslaughter. *Commonwealth v. Walters,* 431 Pa. 74, 80, 244 A. 2d 757 (1968). In the case before us, although it had no burden to do so, the Commonwealth introduced adequate testimony to support a finding of second degree murder. The appellant's evidence, on the other hand, even if believed, was not sufficient to reduce the crime to voluntary manslaughter.

(4) The appellant's final basis for relief is that he was never advised of his right to appeal. At the PCHA hearing this contention was corroborated by

---

Defendant's attorney: "He has been advised, your honor, and has heard the certification of the district attorney that the crime does not rise higher than second degree murder. In view of that he is pleading guilty to murder."

the testimony of Ward's trial counsel. Since the appellant was convicted of second degree murder following his plea of guilty to murder generally, he may contest on appeal only the validity of his plea and the lawfulness of his sentence. Because those issues are fully cognizable in collateral proceedings, a denial of a defendant's right to appeal is nonprejudicial and, standing alone, does not afford a basis for relief. See *Commonwealth v. Dillinger, supra,* at 341, and cases cited therein.

Order affirmed.

Mr. Justice COHEN took no part in the decision of this case.