Commonwealth *v.* Dennis, Appellant.

Submitted November 8, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Samuel Kagle,* for appellant.

*Mary Rose Cunningham, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, May 4, 1973:
On May 12, 1969, the appellant, George Dennis, represented by counsel, entered a plea of guilty to mur-

der generally. Following a degree-of-guilt hearing at which the District Attorney certified to the court that the crime rose no higher than murder in the second degree, appellant was found guilty of that crime by the trial court and sentenced to a term of not less than six nor more than twenty years' imprisonment. No appeal was taken. On September 22, 1970, appellant filed a petition under the Post Conviction Hearing Act[1] (PCHA) alleging (1) that he was denied his appellate rights, (2) that the evidence introduced at the degree-of-guilt hearing was insufficient to raise the crime above voluntary manslaughter, (3) that his guilty plea was not knowingly or intelligently entered because it was based upon an involuntary confession and dereliction of counsel, and (4) that his trial counsel was incompetent. This is an appeal from the lower court's denial of relief following a hearing at which appellant was represented by appointed counsel.

Appellant's initial allegation that he was denied his appellate rights is not well founded. Although the information given appellant concerning his appellate rights was inadequate,[2] he was not prejudiced by any denial of the right to appeal. It is well-established that on direct appeal from a second degree murder conviction based on a guilty plea, a defendant can only attack the voluntariness of the plea, the validity of the sentence and the related question of whether he introduced evidence sufficient to reduce the killing to manslaughter. Since these issues can also be raised in a collateral attack a denial of a defendant's right to appeal is nonprejudicial where, as in this case, the defendant is afforded an opportunity for review in a collateral pro-

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1 et seq. (Supp. 1972).

[2] The record shows that appellant was merely told that he had forty-five days in which to appeal. See Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968).

ceeding. *Commonwealth v. Minnick,* 436 Pa. 42, 46, 258 A. 2d 515, 517 (1969) ; *Commonwealth v. Culpeper,* 434 Pa. 15, 18-19, 252 A. 2d 624, 626 (1969); *Commonwealth v. Walters,* 431 Pa. 74, 76, 244 A. 2d 757, 759 (1968).

Equally lacking in merit is the appellant's contention that the evidence was insufficient to raise the crime above voluntary manslaughter. When an accused pleads guilty to murder generally, he admits that he is guilty of second degree murder and that there is sufficient evidence to sustain a conviction for second degree murder. *Commonwealth v. Dillinger,* 440 Pa. 336, 269 A. 2d 505 (1970). Even though an accused enters a plea of guilty to murder generally, he is still given an opportunity to introduce evidence that will mitigate the offense to voluntary manslaughter. *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 340, 223 A. 2d 699, 701 (1966). In *Commonwealth v. Walters,* 431 Pa. 74, 244 A. 2d 757 (1968), this Court held that whether the trial judge erred in failing to reduce the crime to voluntary manslaughter is a question cognizable in a collateral proceeding because it is an attack on the validity of the plea and not a question of the sufficiency of the evidence. Having carefully reviewed the record, we conclude that the Commonwealth's testimony more than adequately supported a second degree murder conviction. Three eyewitnesses saw appellant holding the gun on the victim while the victim had his hands up, saw appellant advance and fire at the victim and saw appellant fire again as the victim fled.

In attacking his guilty plea as based on an unconstitutional confession, appellant must demonstrate all of the following: (1) that the confession was unconstitutionally obtained; (2) that the confession was the primary motivation for the guilty plea; and (3) that the entry of the guilty plea was on incompetent advice of counsel. *Commonwealth v. Taylor,* 449 Pa. 345, 296

A. 2d 823 (1972). Initially we note that appellant's confession was made knowingly and freely. He was advised of his constitutional rights as prescribed by *Miranda v. Arizona,* 384 U.S. 436 (1966), when he was arrested, advised again when taken into the police station and advised a third time before he made his formal statement. Although the *Miranda* warnings had not been given immediately before his prior oral admission, this would not invalidate his subsequent formal statement. In *Commonwealth v. Abrams,* 443 Pa. 295, 299, 278 A. 2d 902, 905 (1971), this Court held that the prosecution has no absolute duty to repeat the *Miranda* warnings at each successive stage of an interrogation. Here, the appellant was repeatedly informed of his constitutional rights and freely and intelligently chose to waive those rights. Even assuming that appellant's confession was constitutionally infirm, we do not conclude that his guilty plea was primarily motivated by his confession. It seems appellant pleaded guilty in order to avoid facing the eyewitness testimony which might have sufficed to convict appellant of first degree murder. Further, from a review of the record colloquy between appellant and the trial court, we are convinced that appellant knowingly, intelligently and voluntarily pleaded guilty.

We are also unable to find that appellant's guilty plea was based on the incompetent advice of counsel. The test for the competency of counsel's advice does not involve a retrospective consideration of whether the advice was right or wrong but rather whether the advice was within the range of competence normally required of criminal defense attorneys. *McMann v. Richardson,* 397 U.S. 759, 771 (1970). Our concern, therefore, is with the reasonableness of counsel's assessment of his client's case and his subsequent advice, including advice as to the effect of entering a guilty plea. *Commonwealth v. Ward,* 442 Pa. 351, 354, 275 A. 2d 92, 94

(1971). Considering the circumstances surrounding the confession, the denial of a motion to suppress the confession and the eyewitness testimony that could establish a deliberate killing, we conclude that defense counsel had a reasonable basis for advising his client to plead guilty.

Appellant makes a number of claims to support his final allegation that his trial counsel was incompetent. The only claim that we need mention is that counsel was incompetent because he failed to argue to the trial judge, after the appellant pleaded guilty to murder generally and the Commonwealth certified that the crime rose no higher than second degree murder, that the case rose no higher than voluntary manslaughter. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604-5, 235 A. 2d 349, 353 (1967), we stated that "the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." Upon review of the record counsel's decision not to argue that the case rose no higher than voluntary manslaughter was reasonable.

Order affirmed.

Mr. Justice Roberts and Mr. Justice Manderino concur in the result.

---

Concurring Opinion by Mr. Justice Nix:

I continue to disagree with this Court's determination that in order to attack a guilty plea on the ground that it was induced by an unconstitutionally obtained confession the three-pronged test formulated in *Commonwealth v. Marsh*, 440 Pa. 590, 271 A. 2d 481 (1970), must be met.[1] As I noted in *Commonwealth v. Taylor,*

---

[1] In *Marsh* it was established that in attacking a guilty plea allegedly based on an unconstitutional confession the appellant must demonstrate: (1) that the confession was unconstitutionally

449 Pa. 345, 351-52, 296 A. 2d 823, 826 (1972) (dissenting opinion by Nix, J., in which Roberts, J., and Manderino, J., joined): "In my view, the additional requirement now imposed under Marsh [that the entry of the plea was incompetently advised] effectively prevents a defendant from challenging a coerced confession in a collateral proceeding where a plea was entered at trial. Even though the record may clearly establish that the confession was obtained in violation of constitutional mandates and did primarily motivate the guilty plea, remedy will be denied, as in the case at bar, because of the defendant's inability to establish that the advice to enter the plea was in fact incompetent. . . . [W]here there has been a pretrial determination of the admissibility of the disputed confession adverse to the defendant,[2] it is impossible to establish that the advice to enter a plea is incompetent except perhaps in the rare instances where the suppression ruling is patently erroneous. In the normal situation, where there is some basis for the ruling and the confession is damaging (as is usually the case), there is then a reasonable basis for an attorney to suggest the entry of a guilty plea."[3]

However, since my review of the record convinces me that appellant's confession was not the primary motivation for the guilty plea, I believe that the majority properly rejected appellant's attempt to vacate his guilty plea due to an unconstitutional confession. Even before the decision in *Commonwealth v. Marsh, supra,*

---

obtained; (2) that the confession was the primary motivation for the guilty plea; and (3) that the entry of the plea was on incompetent advice of counsel.

[2] In the instant case, the constitutionality of the confession had been challenged before the entry of the plea.

[3] It is interesting to note that in the case at bar a primary basis for the majority's conclusion that defense counsel had a reasonable basis for advising his client to plead guilty was "the denial of a motion to suppress the confession. . . ."

the law in this Commonwealth did not permit a defendant who had entered a guilty plea at trial to collaterally challenge an allegedly coerced confession unless he could prove that his plea was primarily motivated by the confession. *See Commonwealth v. Baity*, 428 Pa. 306, 237 A. 2d 172 (1968); *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967).[4]

I, therefore, concur in the result.

Mr. Justice ROBERTS joins in this concurring opinion.

---

[4] I also agree that the record before us fails to establish that the confession was constitutionally infirm.