## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STEVEN MCLEOD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N11C-03-111 MJB |
| | ) | |
| HUGHEY F. MCLEOD | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Submitted:** June 25, 2014
**Decided:** May 29, 2015

*Upon Plaintiff's Motion to Disqualify Judge*, **DENIED.**

## OPINION

Steven A. McLeod, *pro se*, 1050 Big Joe Road, Monticello, Florida 32344.

Cynthia H. Pruitt, Esq., Doroshow, Pasquale, Krawitz & Bhaya, 1208 Kirkwood Highway, Wilmington, Delaware 10805, Attorney for Defendant.

**Brady, J.**

1

## I. INTRODUCTION & BACKGROUND

This is a personal injury case. Plaintiff Steven A. McLeod ("Plaintiff") alleges that he was sexually abused by his father, Defendant Hughey F. McLeod ("Defendant") from approximately December 1967 through January 1972. Both parties were domiciled in Delaware at the time of the alleged abuse, but both now reside in Florida. Plaintiff is incarcerated in Florida serving a life sentence. On April 29, 2011, Plaintiff filed the instant action under 10 *Del. C*. § 8145.

On April 15, 2014, Plaintiff filed a Motion to Disqualify Judge.[1] On April 17, 2014, this Court informed Plaintiff that the Court had received the instant Motion to Disqualify and had forwarded it to the President Judge because it was similar to the Motion for Reassignment pending before the President Judge.[2] The President Judge denied the Motion for Reassignment on May 29, 2014.[3]

On May 5, 2014, Plaintiff filed a Petition for Writ of Prohibition/Mandamus in the Supreme Court of Delaware.[4] On June 25, 2014, the Supreme Court entered an Order dismissing Plaintiff's petition for the issuance of a writ of prohibition or a writ of mandamus.[5] The Supreme Court dismissed Plaintiff's petition on the grounds that Plaintiff already has "an adequate and complete remedy at law," which is to have the Motion to Disqualify decided by the trial judge.[6]

---

[1] Motion, Item 156.
[2] Letter, Item 159.
[3] Order, Item 170.
[4] Petition, *In re Petition of Steven A. McLeod for Writ of Prohibition/Mandamus*, 230,2014, Item 1 (Del. May 5, 2014).
[5] Order, *In re Petition of Steven A. McLeod for Writ of Prohibition/Mandamus*, 230,2014, Item 11 (Del. June 25, 2014).
[6] Order, *In re Petition of Steven A. McLeod for Writ of Prohibition/Mandamus*, 230,2014, Item 11 (Del. June 25, 2014).

One year later, on May 5, 2015, Plaintiff filed a second Petition for Writ of Prohibition in the Supreme Court, noting that the Motion to Disqualify Judge had not been decided.[7] On May 18, 2015, this Court notified the Clerk of the Supreme Court that it had, in fact, overlooked the matter and would address it promptly. This is the Court's decision.

## II. PLAINTIFF'S MOTION

Plaintiff argues that the trial judge should be disqualified due to "a continual and persistent pattern of incompetence, providing a reasonable person [reason] to question this Court's impartiality."[8] Plaintiff cites the judge's April 11, 2011 dismissal of Plaintiff's Complaint based on the statute of limitations as an indicator of bias.[9] Plaintiff also cites (a) the fact that the decision was dated April 11, 2011 but not e-filed until April 29, 2011, and (b) the fact that the Court did not grant Plaintiff's Motion for Rehearing as evidence of bias.[10] Plaintiff appealed the dismissal to the Supreme Court, and the Court remanded the case, holding that the trial court should have addressed Plaintiff's equitable tolling argument.[11] The trial court then determined to permit the matter to proceed.[12]

On January 4, 2012, Plaintiff filed a Motion for Court Order Requiring Defendant to Produce Documents ("Motion for Court Order").[13] Plaintiff argues that the fact that the Motion had not been decided is evidence of judicial bias and inattention to his case.[14] As the Court

---

[7] Petition, *In re Petition of Steven A. McLeod for Writ of Prohibition*, 228, 2015, Item 1 (Del. May 5, 2015).
[8] Motion, Item 156, at 1.
[9] Motion, Item 156, at 1 (*citing* Order, Item 3).
[10] Motion, Item 156, at 1.
[11] Order, *McLeod v. McLeod*, 317,2011, Item 22 (Del. Dec. 5, 2011).
[12] Order, Item 31.
[13] Motion, Item 156, at 2 (*citing* Motion, Item 26).
[14] Motion, Item 156, at 2.

explained in a recent Letter Opinion, the Motion for Court Order related to Plaintiff's argument that the instant case should not be dismissed as violative of the statute of limitations. Since the Court has already ruled in Plaintiff's favor on this matter and permitted the instant action to proceed, the Motion for Court Order is now moot.[15]

Plaintiff further points to the fact that the Court's July 17, 2012 Order granting Plaintiff's Application to Proceed *in Forma Pauperis* was originally erroneously dated July 17, 2010 due to a typographical error.[16] Plaintiff also argues that the judge erred in failing to mail him personally a copy of her January 23, 2013 Opinion denying Plaintiff's Motion to Allow Alternative Method of Service[17] and in denying his Motion for the Court to appoint expert witnesses to testify on Plaintiff's behalf.[18]

A hearing on several pending motions was scheduled for April 3, 2014, and Plaintiff filed a Motion to Appear Telephonically at the hearing.[19] The Court granted Plaintiff's Motion and issued a letter Order on March 27, 2014.[20] The letter provided the time and date of the hearing and a phone number for Plaintiff to call the courtroom so that he could participate in the hearing.[21] Plaintiff failed to call in and participate. Plaintiff argues that the Court is responsible for his failure to appear because (a) the Court's Order was in letter form, which he argues created ambiguity as to whether it was truly a court order, and (b) the Court did not send a copy of the

---

[15] Letter Opinion, Item 236.
[16] Motion, Item 156, at 2 (*citing* Order, Item 36).
[17] Motion, Item 156, at 3 (*citing* Opinion, Item 47).
[18] Motion, Item 156, at 3 (citing Opinion, Item 87).
[19] Motion, Item 132.
[20] Letter Order, Item 136.
[21] Letter Order, Item 136.

Order directly to Plaintiff's classification officer at the correctional institution at which Plaintiff is housed.[22]

Plaintiff also cites the Court's March 28, 2014 letter Order denying Plaintiff's Motion for Waiver of Expert Witness Discovery Fees.[23] On the same day, the Court granted Plaintiff's Motion for Exemption from Alternative Dispute Resolution ("ADR").[24] Plaintiff suggests that the Order granting Plaintiff's Motion for Exemption from ADR was improperly appended to the Court's Order denying Plaintiff's Motion for Waiver of Expert Witness Fees and that "what was ordered [when the Court "so ordered" Plaintiff's Motion] is unknown."[25] Plaintiff maintains that these facts reveal a "persistent pattern" of judicial mismanagement of the instant case, including "failure to mail orders timely, send the Plaintiff copies of orders, properly date orders, entering erroneous orders[,] and not sending the orders to the proper authorities," which "can only be deemed corruption and bias because no person can be so incompetent."[26]

Finally, Plaintiff cites the trial judge's background as the former Attorney General of the State of Delaware as an indication of bias.[27] Plaintiff concludes that disqualification is warranted due to "[t]he blunders by Judge Brady, who was formerly Attorney General of Delaware and may consciously or subconsciously have an aversion to prison inmates, which risks undermining the public confidence in this case and objectively provide[s] a reasonable person [reason] to question her impartiality."[28]

---

[22] Motion, Item 156, at 3.
[23] Letter Order, Item 138.
[24] Order, Item 137
[25] Motion, Item 156, at 4.
[26] Motion, Item 156, at 4.
[27] Motion, Item 156, at 5.
[28] Motion, Item 156, at 5.

### III. LEGAL STANDARD

Canon 3(C) of the Delaware Judges' Code of Judicial Conduct provides that judges must be free from personal bias and will be disqualified when the judge's partiality might reasonably be questioned.[29]  In *Los v. Los*, the Delaware Supreme Court established a two-prong test for whether a judge should be disqualified based on actual or perceived personal bias: The judge must first be subjectively satisfied that she "can proceed to hear the cause free of bias or prejudice concerning [the moving party]."[30]  If the first step is satisfied, then the judge must proceed to consider the second step: The judge must examine objectively "whether the circumstances require recusal because there is an appearance of bias sufficient to cause doubt as to the judge's impartiality."[31]

### IV. DISCUSSION

#### A. Subjective Test

The judge finds that she has no bias for or against Plaintiff.  In fact, cognizant of Plaintiff's *pro se* status and the fact that he is presently incarcerated, the Court has made reasonable attempts to accommodate Plaintiff in the instant litigation without causing prejudice to Defendant.  For example, the Court has granted Defendant's Motions to participate telephonically at a motion hearing,[32] to present expert testimony by videoconference,[33] and

---

[29] *Alston v. Dispasquale*,  2001 WL 34083820, *1 (Del. Super. Ct. Oct. 19, 2001).
[30] *Jones v. State*, 940 A.2d 1, 18 (Del. 2007) (*quoting Los v. Los*, 595 A.2d 381, 384-85 (Del. 1991)).
[31] *Id.* (internal quotation, citation omitted).
[32] Letter Order, Item 136.
[33] Opinion, Item 223.

suggested that Plaintiff would be allowed to participate in trial by videoconference if Florida authorities so allow.[34]

## B. Appearance of Bias or Impropriety

Having satisfied the objective prong of the test, the Court must now examine whether there is a sufficient *appearance* of bias to justify recusal despite the lack of actual bias. Defendant relies heavily on the judge's prior service as Attorney General. Plaintiff argues that this background creates the appearance of bias against incarcerated individuals.

The mere fact that the judge has extensive experience on one side of criminal law does not create the appearance of bias in the mind of a reasonable person. The Delaware Judicial Ethics Advisory Committee has held that disqualification is not required even when a judge formerly served as a prosecutor in an unrelated matter involving a litigant presently before the judge.[35] The Committee cited its 2007 opinion in which it concluded that a judge who has served as Delaware's Attorney General could preside over criminal proceedings against a defendant who was prosecuted on unrelated criminal charges during the judge's tenure as Attorney General.[36]

The Committee identified a list of five non-exclusive factors to be considered, including (1) whether the judge acted as the front-line prosecutor or in a supervisory role; (2) if the judge acted in a supervisory role, how closely the judge supervised the prosecuting attorney; (3) whether the judge has an independent recollection of the facts of the prior criminal matter or of the litigant; (4) whether the prior matter received sufficient public attention such that the public

---

[34] Opinion, Item 201, at 24.
[35] JEAC Opinion 2014-1 (Aug. 7, 2014).
[36] JEAC Opinion 2014-1 (Aug. 7, 2014) (*citing* JEAC Opinion 2007-3 (June 29, 2007)).

7

would associate the judge with the litigant or the prosecution; and (5) the length of time since the prior criminal matter.[37] The Committee concluded that "[t]he more attenuated the judge's role, the less reason there is for a judge's impartiality to be questioned."[38] In the instant case, unlike under the circumstances contemplated in the Committee's Advisory Opinion, the litigant was not prosecuted by the judge or by a member of her staff during her tenure as Attorney General. Plaintiff was charged, tried, convicted, and is now incarcerated in the State of Florida. There is no prior history between the litigant and the judge. Instead, Plaintiff has pointed to the mere fact that the judge served as Attorney General as alleged evidence that she harbors, or will be perceived by the public to harbor, a bias against all incarcerated persons.

In *State v. Phillips*, a judge addressed a similar argument that she should recuse herself in the criminal trial of a defendant accused of murder by abuse and/or neglect of a two-year old child because the judge herself did not have children.[39] The court explained that this fact about the judge's personal background would not create an appearance of bias in the mind of a reasonable person: "Indeed, the only 'appearance' of bias or prejudice that defendant is able to identify in this case is of his own creation. Defendant's contrived belief that a childless judge is somehow more inclined to impose a harsher sentence than any other judge who *has* children is hardly a basis to question the Court's neutrality."[40] While the litigant may personally perceive a bias because of his involvement in the case, the test is what is objectively reasonable, not what a litigant subjectively believes.[41]

---

[37] JEAC Opinion 2014-1 at 6 (*citing* JEAC Opinion 2007-3 (June 29, 2007)).
[38] JEAC Opinion 2014-1 at 6.
[39] *State v. Phillips*, 2003 WL 21517888 (Del. Super. Ct. July 3, 2003).
[40] *Id*. at *5.
[41] *Id.* at *4.

8

Plaintiff also suggests that the judge's previous rulings against him during the course of the present litigation, particularly the judge's original dismissal of his Complaint on jurisdictional grounds, are evidence of bias. Case law is clear that this is not a reasonable ground. It is well established that "[a] prior adverse ruling by a judge does not constitute a ground for his or her disqualification."[42] The judge's initial ruling in this case was based her diligent, reasonable, and good faith interpretation of the law at the time. Further, the judge reversed her ruling and permitted the case to go forward after further consideration upon remand from the Supreme Court.[43]

Finally, Plaintiff argues that a number of administrative and clerical oversights by the judge and her staff create the appearance that the judge is biased against Plaintiff and his claim. These arguments are similarly flawed. The errors to which Plaintiff points include failure to timely rule on a motion, a scrivener's error misdating a court order, the fact that a court order was in letter form and hence (to Plaintiff's mind) did not appear official, and the court's failure to personally contact the official at Plaintiff's correctional institution to facilitate Plaintiff's participation in a hearing by teleconference.

---

[42] *State v. Taylor*, 1991 WL 35790, *1 (Del. Super. Ct. Feb. 26, 1991) (*citing Steigler v. State*, 227 A.2d 662, 668 (Del. 1971)). *See also BAC Home Loans Servicing v. Brooks*, 2012 WL 1413608, *4 (Del. Super. Ct. Feb. 2, 2012). The court in *Brooks* denied the defendant's motion for recusal on the basis of the court's denial to extend time and page limitations, the court's refusal to accept filings that did not conform to the Superior Court Civil Case Management Plan, the court's refusal to certify an interlocutory appeal of those decisions, and the "scolding" and "condescending" tone of the Court's orders. The court held that "[t]o an objective observer none of these [alleged] grounds would give the impression of personal prejudice or bias on the part of the Court against [the defendant]." *Id*.

[43] The issue in this case was that the Court dismissed Plaintiff's original Complaint on the ground that it was not filed within the two-year window allowed by 10 *Del. C.* §8145(b), which had expired on July 9, 2009. Plaintiff filed a Motion for Rehearing, arguing that the Court should have equitably tolled the statute of limitations for his action because he was prevented in an extraordinary way from asserting his rights and mistakenly filed his action in the wrong forum. The Court declined to amend its previous decision, and Plaintiff appealed to the Supreme Court. The Supreme Court remanded the matter to this Court to consider the merits of Plaintiff's equitable tolling argument. Supreme Court Order (Dec. 5, 2011). Upon consideration of the equitable tolling argument, the Court entered an order on February 6, 2012, finding that the action should not be dismissed and should be permitted to go forward. Opinion, Item 31 (Feb. 6, 2012).

The Court recognizes Plaintiff's concerns about the management of the case docket, particularly as Plaintiff is *pro se* and without the assistance of counsel in navigating the filing system. While the oversights in managing the docket are unfortunate, they are just that—oversights. They are not indicative of judicial bias. There have been 236 docket entries in the case, in addition to five appeals to the Supreme Court. The Court has issued 12 orders, 13 opinions, and one letter opinion in this case thus far; and the Court finds that the oversights are a product of the voluminous docket in this case. Further, issuing a court order in letter form is a well-established and accepted practice in Delaware, and the Court could not have anticipated that staff at Plaintiff's correctional institution would not view it as such, if indeed the problem is as Plaintiff makes it out to be. Finally, the Court's failure to contact the official at the correctional institution directly in addition to issuing the order that Plaintiff requested was neither unreasonable nor indicative of bias. The Court had every reason to expect that a signed court order would be sufficient.

As a final policy consideration, the Court notes that, as the Supreme Court suggested in *Los*, "there is a compelling policy reason for a judge not to disqualify herself at the behest of a party who claims an appearance of prejudice, without a factual or reasonable objective basis to do so. In the absence of genuine bias, a litigant should not be permitted to shop for a judge of his or her choosing.[44]

## V. CONCLUSION

None of Plaintiff's claims, other than his claim about the judge's prosecution experience, concern bias, prejudice, or views that are personally adverse to Plaintiff or someone similarly

---

[44] *State v. Phillips*, 2003 WL 21517888 at *6 *(citing Los v. Los*, 595 A.2d 381 (Del. 1991)).

situated. Instead, Plaintiff focuses on prior adverse rulings and clerical errors. None of these arguments are compelling. Because the Court finds that as there is neither subjective bias against Plaintiff nor an objectively reasonable appearance of bias, Plaintiff's Motion to Disqualify Judge is hereby **DENIED**.

**IT IS SO ORDERED.**

_____/s/_____

**M. JANE BRADY**
Superior Court Judge

11