## Commonwealth *v.* Brown, Appellant.

Submitted November 10, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

Melvin Dildine, Assistant Defender, and Vincent J. Ziccardi, Defender, for appellant.

Nicholas Sellers and James D. Crawford, Assistant District Attorneys, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 9, 1970:

In 1962, appellant pleaded guilty to murder generally. Following a hearing, he was found guilty of second degree murder and sentenced to five to fifteen years imprisonment. No appeal was taken. In 1967 he filed a petition pursuant to the Post Conviction Hearing Act, alleging that his plea was involuntary, that he was guilty of voluntary manslaughter at most, and that he was unconstitutionally denied his right to appeal.[1] After an evidentiary hearing, the court concluded that his plea was voluntary and that he was therefore not prejudiced by the denial of his right to appeal.[2] He now appeals the hearing court's adverse decision. We affirm.

Appellant's most serious contention is that the evidence adduced at the degree of guilt hearing showed that he was guilty of voluntary manslaughter at most.[3] The facts, briefly, are: On August 31, 1961, appellant's

---

[1] Appellant also alleged that trial counsel was incompetent, but he does not press this claim on appeal.

[2] In 1969 appellant was granted leave to appeal this determination.

[3] This issue may be raised on collateral attack since it is merely another way of attacking the voluntariness of the plea. See, e.g., Commonwealth v. Walters, 431 Pa. 74, 244 A. 2d 757 (1968).

wife was at her mother's home. Appellant came there in the evening and asked his wife to come home. She refused and they began to quarrel. Appellant then pulled a penknife out of his pocket, began striking his wife, and attempted to pull her out the door. His mother-in-law attempted to intervene, but appellant pushed her away, cutting her ear in the process. Appellant's wife then ran into the street and he followed. A crowd gathered and appellant fled; he testified that he could not remember any of his actions prior to the time when the crowd gathered in the street. The evidence showed that appellant had been drinking, although it is not clear to what extent he was intoxicated.

As a result of this fight, appellant's wife sustained four stab wounds, three of which were superficial. The fourth wound penetrated the spleen, thereby necessitating an operation to remove the spleen. Although appellant's wife appeared to be making an excellent recovery, eight days after the operation she died suddenly. The cause of death given by the medical examiner was multiple pulmonary emboli—i.e., blood clots of the lung.

Appellant contends that the Commonwealth has proved neither causation nor second degree murder. As to causation, he urges that *Commonwealth v. Radford*, 428 Pa. 279, 236 A. 2d 802 (1968), controls our disposition in the instant case. In *Radford* we held that the Commonwealth had proved only that defendant's assault on the decedent *probably* caused the thrombosis which resulted in peritonitis and finally death. This was insufficient because the Commonwealth must prove every element of the crime beyond a reasonable doubt.

The difference between *Radford* and the instant case is that in *Radford*, the defendant pleaded not guilty, thereby placing the burden on the Commonweath to prove his guilt beyond a reasonable doubt.

Here appellant pleaded guilty to murder generally. "When properly made such a plea is sufficient of itself to sustain a conviction for murder in the second degree. . . . [I]f the defendant desires to reduce the crime to that of voluntary manslaughter, the burden is upon him to adduce evidence which will so mitigate the offense." *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 340, 223 A. 2d 699, 701 (1966) (citations omitted).

Appellant did not introduce, at the degree of guilt hearing, evidence to show that the emboli were not caused by the stab wounds. In fact, defense counsel stipulated that the emboli were the result of the splenectomy necessitated by the stab wounds. Appellant does not claim that counsel was ineffective because he agreed to the stipulation and we cannot now guess that the facts were other than were adduced at the trial. Hence, the evidence supports the conclusion that death was caused by the stab wounds.

Nor has appellant shown that his crime rose no higher than voluntary manslaughter. It is settled law that to find voluntary manslaughter there must be " 'sufficient cause of provocation and a state of rage or passion, without time to cool, placing the prisoner beyond the control of his reason, and suddenly impelling him to the deed.' " *Commonwealth v. Walters*, 431 Pa. 74, 82, 244 A. 2d 757, 762 (1968) (quoting *Commonwealth v. Drum*, 58 Pa. 9, 17 (1868)). Even assuming that appellant was beyond the control of his reason, the argument with his wife over when she would return home, which caused this loss of control,[4] can-

---

[4] Although it is not clear from the evidence to what extent appellant was intoxicated, appellant cannot claim that such intoxication contributed to his loss of control so as to lower his crime to manslaughter. "[I]ntoxication can lower the degree of guilt, but it remains *murder*." *Commonwealth v. Walters*, 431 Pa. 74, 83, 244 A. 2d 757, 762 (1968) (emphasis in original).

not be considered sufficient provocation. Hence the evidence does not reduce his crime to voluntary manslaughter.

Appellant also claims that his plea was not entered knowingly and intelligently. The hearing court, after testimony from appellant and one of his original lawyers, found otherwise. Counsel testified that he told appellant what the penalty for second degree murder was, that appellant was waiving his right to a trial by jury, that if he pleaded guilty the Commonwealth would certify that the case rose no higher than second degree murder, that he could not promise what sentence the judge would impose, and that counsel would attempt to convince the court that the killing was voluntary manslaughter. The hearing court chose to believe counsel and concluded that appellant's plea was entered knowingly and intelligently. We cannot say that such a finding is unsupported by the evidence.

Appellant next urges that we nevertheless grant him his right to appeal. As appellant points out, to do so would mean overruling *Commonwealth v. Walters,* supra, and its progeny. See *Commonwealth v. Minnick,* 436 Pa. 42, 258 A. 2d 515 (1969); *Commonwealth v. Culpeper,* 434 Pa. 15, 252 A. 2d 624 (1969). We refuse to overrule these cases. All that appellant "could attack on a direct appeal from a second degree murder verdict based on his guilty plea would be the voluntariness of the plea, the validity of the sentence, and the question of whether he introduced evidence sufficient to reduce the killing to manslaughter." *Commonwealth v. Minnick,* 436 Pa. at 46, 258 A. 2d at 517. Appellant has raised these claims in this proceeding and they have been decided against him. Accordingly, he is in no way prejudiced by the denial of his direct appeal.

The order of the Court of Common Pleas, Criminal Trial Division, of Philadelphia County is affirmed.