Commonwealth *v.* Couch, Appellant.

Submitted September 28, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Thomas S. Mansell,* and *Mansell and McKee,* for appellant.

*Kenneth E. Fox, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 18, 1971:

Appellant Shirley Couch was convicted in 1963 upon a plea of nolo contendere to charges of burglary, larceny, and receiving stolen goods. He took no direct appeal from the judgment of sentence but later sought relief pursuant to the Post Conviction Hearing Act.[1] Relief was denied following a hearing, and the Superior Court affirmed. We allowed a further appeal to this Court.

Appellant now maintains that his plea of nolo contendere was unlawfully induced, that he was denied the effective assistance of counsel, and that he was not informed of his right to appeal.[2] Upon examining the record, we find these claims to be without merit.

In January of 1963 appellant was arrested in connection with the above crimes. Counsel was appointed on February 28 but was thereafter granted leave to withdraw after unsuccessfully urging his client to plead guilty. On May 20 the district attorney and county detective visited appellant in jail and received from him at that time a signed plea of nolo contendere.

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970).

[2] Appellant's PCHA petition listed various other grounds for relief, but no facts were alleged and no proof was offered in support of them.

Three days later appellant appeared in court for sentencing, at which time he requested and was granted the appointment of new counsel. After a fifteen to thirty minute conference with his new counsel, appellant reaffirmed his desire to plead nolo contendere and was sentenced.

As to the claim of ineffective counsel, "our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis . . . ." Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A. 2d 349, 352 (1967). Furthermore, "[t]he length of counsel's conversation with his client is . . . but one of the factors which we must evaluate in light of the nature of the charge, the issues presented, the availability of witnesses, etc., to determine whether the course chosen by counsel had any reasonable basis when compared with the alternatives available." Id. at 608-9, 235 A. 2d at 355. See also *Commonwealth v. Woody,* 440 Pa. 569, 271 A. 2d 477 (1970); *Commonwealth v. Skipper,* 440 Pa. 576, 271 A. 2d 476 (1970).

Applying these principles to the instant case, we note that the Commonwealth possessed substantial evidence of appellant's guilt at the time of his plea, including a statement from one James Napier directly incriminating him and a statement from another individual placing him at the scene of the crimes. It was after interviewing Napier that appellant's original counsel recommended a guilty plea, and his second counsel testified that appellant seemed aware of the nature of the charges against him and of the consequences of his plea. In these circumstances it cannot be concluded that appellant was prejudiced by the tardy appointment of his second counsel or that he was otherwise denied the effective assistance of counsel.

Appellant's contention that his plea was unlawfully induced is also without merit. The basis for this claim is an alleged deal with the police involving guarantees of a lenient sentence. The plea was entered prior to our decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), and it was thus his burden to prove involuntariness. *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970) ; *Commonwealth v. Cushnie*, 433 Pa. 131, 249 A. 2d 290 (1969). The hearing court chose not to credit appellant's testimony concerning a deal, and there is no reason to disturb that finding.

Appellant alleges finally that he was never informed of his right to appeal. However, as he was convicted upon a plea of nolo contendere, he would not be entitled to relief on this claim even if the underlying factual allegation were true. See *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967).

The order of the Superior Court is affirmed.

Mr. Justice COHEN took no part in the decision of this case.