Commonwealth *v.* Bickley, Appellant.

Submitted April 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Edward Blumstein,* and *Elkman, Blumstein and Block,* for appellant.

*William P. Boland* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1972:

The appellant, Henry O. Bickley, Jr., entered a general plea of guilty to an indictment charging him with the murder of one Andre Tillery in Philadelphia. After an evidentiary hearing, the court adjudged him guilty of murder in the second degree. Timely motions for a new trial or for an arrest of judgment were filed and subsequently dismissed. After a sentence of imprisonment of 4 to 12 years was imposed, this appeal was entered.

The sole claim of error is that in view of the evidence introduced at the hearing following the guilty plea, the trial court committed an error of law in finding Bickley guilty of a crime higher than voluntary manslaughter. The contention is devoid of merit.

From the evidence offered by the Commonwealth, the court was warranted in finding the following facts:

About 5 p.m. on September 13, 1969, Bickley, age 24, and three juveniles engaged in an altercation on the steps of a residence located directly across the street from where he resided. In the affray Bickley suffered a laceration of a hand and an abrasion of an arm. Approximately three hours later, Bickley observed the same three juveniles together with several other youths sitting on the steps of the same residence where the earlier incident occurred. Bickley, who was then on the opposite side of the street and some distance down the block, walked towards the youths, crossed the street, drew a pistol and fired two shots into their midst fatally wounding Tillery, one of the group.

Bickley testified that before the day here involved, he had another altercation with the same juveniles during which he suffered a serious slash in the abdomen from a knife; that after the 5 o'clock altercation on September 13th, one of the juveniles threatened to come back and "blow his brains out"; that immediately before the shooting he was walking down the street on the same side of the street where the youths were gathered; that as he approached, Tillery made a threatening remark and started toward him, and the other youths stood up; that he was overwhelmed with fear for his life and shot at Tillery who was then five feet away.

Assuming under Bickley's testimony he was guilty of only voluntary manslaughter, the truth thereof was for the trial court. As we have said repeatedly, a valid plea of guilty to murder is sufficient to sustain a conviction of murder in the second degree, and if the defendant desires to reduce the crime to voluntary manslaughter the burden is upon him to establish facts which will mitigate the offense. See *Commonwealth v. Swaney*, 445 Pa. 244, 284 A. 2d 732 (1971); and *Commonwealth v. Brown*, 436 Pa. 423, 260 A. 2d 742 (1970).

Under the circumstances, it was the trial court's right to reject the defendant's testimony and to accept the testimony of the Commonwealth witnesses which was ample to sustain a finding of guilt of murder in the second degree.

Judgment affirmed.