## Commonwealth *v.* Robinson, Appellant.

Submitted October 2, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*H. David Rothman,* for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, May 23, 1973:

On June 13, 1967, the appellant John Robinson pled guilty to murder generally in connection with the shooting death of his father. After a degree of guilt hearing, he was found guilty of second degree murder and sentenced to from six to twelve years imprisonment. No post-trial motions or direct appeal was filed.

On January 21, 1970 the appellant filed a petition pursuant to the Post Conviction Hearing Act[1] which was denied after a counseled hearing on December 14, 1971. This appeal follows.

The appellant raises four issues: (1) That he was denied his right to appeal; (2) That his guilty plea was not knowingly and intelligently entered; (3) That there was no factual basis to support a verdict of second de-

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. 1180-1 et seq. (Supp. 1972-73).

gree murder; and (4) That he did not receive effective assistance of counsel.

We note at the outset that even if the appellant is correct in his contention that he has not made a knowing and intelligent waiver of his right to appeal, he has suffered no prejudice, because we are considering at this juncture all of the issues which he could have raised on direct appeal. As we have noted on several occasions: "A plea of guilty to murder generally is sufficient of itself to sustain a conviction of murder in the second degree. Commonwealth ex rel. Bostic v. Cavell, 424 Pa. 573, 576, 227 A. 2d 662, 664 (1967). Thus the only issues which would have been available for appellant to challenge on direct review would have been the validity of the plea and the lawfulness of the sentence. But since both these claims are cognizable in a collateral proceeding, the denial of the right to appellate review, even if true, would not be prejudicial." *Commonwealth v. Stokes,* 426 Pa. 265, 267-68, 232 A. 2d 193 (1967). (Citation omitted.) (Footnote omitted.) See also, *Commonwealth v. Bell,* 449 Pa. 1, 295 A. 2d 307 (1972); *Commonwealth v. Zanine,* 444 Pa. 361, 282 A. 2d 367 (1971); *Commonwealth v. Armstead,* 430 Pa. 428, 243 A. 2d 443 (1968); *Commonwealth ex rel. Davis v. Russell,* 422 Pa. 223, 220 A. 2d 858 (1966). Since the appellant has not challenged the lawfulness of his sentence, we will proceed to consider the validity of his plea.

The appellant first challenges his guilty plea as not knowingly and intelligently entered. The record of the arraignment in ths case[2] shows that the trial judge explained the plea procedure in murder cases to the appellant and repeatedly warned him that he should not

---

[2] This record appears even though the plea preceded our opinion in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968).

plead guilty if he felt that he was innocent. At that point, the following colloquy transpired: "THE DEFENDANT: I admit killing him but I did it in self-defense. THE COURT: Then we can't accept your plea. It will be up to the Jury to decide. If you say you did it in self-defense you will have to be tried before a jury. THE DEFENDANT: Yes, Sir. THE COURT: So you wish to change your plea? THE DEFENDANT: Yes, sir, because I wasn't aware of what was on the plea. THE COURT: What? THE DEFENDANT: I wasn't aware of what was on the plea that he read off, on the inside. MR. CAVANAUGH: He wasn't aware that the facts were as I read them off in the indictment. THE COURT: You weren't aware that you must plead guilty generally, is that what you are saying? THE DEFENDANT: Yes, sir. THE COURT: Because it is my duty then to fix the degree. THE DEFENDANT: I will plead guilty to general charge of murder and leave the decision up to you. THE COURT: What? MR. CAVANAUGH: He will plead guilty to general charge of murder and let the decision up to you. THE COURT: You are satisfied to do that then, are you? THE DEFENDANT: Yes. THE COURT: Because I cannot accept any plea of guilty here if you say you are not guilty. I cannot do that. You have a right to be tried before a jury. You say now that you are willing to leave it up to me? THE DEFENDANT: Yes, sir. THE COURT: As to the degree of guilt, is that it? THE DEFENDANT: Yes, sir. THE COURT: All right." The appellant urges that the trial judge should have conducted a more probing inquiry at this juncture explaining that a plea of guilty to murder generally precludes a finding of innocence by reason of self-defense.

It is well established that a guilty plea is not knowing and intelligent where the defendant does not appreciate the nature and consequences of that plea. See, *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237

A. 2d 196 (1968). If the defendant does not understand that his guilty plea waives all possibility of acquittal, then that plea is void and cannot be accepted. *Commonwealth v. Shank,* 446 Pa. 59, 285 A. 2d 479 (1971). It is for this reason that we have said: "[A] defendant should not be allowed to plead 'guilty' from one side of his mouth and 'not guilty' from the other." *Commonwealth v. Roundtree,* 440 Pa. 199, 202, 269 A. 2d 709 (1970). See also, *Commonwealth v. Chruscial,* 447 Pa. 17, 288 A. 2d 521 (1972).

Unlike the factual situation in *Commonwealth v. Shank,* 446 Pa. 59, 285 A. 2d 479 (1971), where the plea of guilty and the exculpatory testimony of the defendant stood side by side without resolution, in the case at bar, after a flat assertion that the killing was in self-defense, the trial judge carefully explained the incompatibility of the positions and the defendant abandoned his claim of self-defense and elected to adhere to his plea of guilt. We are satisfied that the colloquy reflects a voluntary, knowing, and intelligent entry of the plea of guilt.

However, we need not restrict our inquiry to the colloquy alone, particularly since this plea was entered prior to our decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968). The defendant's testimony at the degree of guilt hearing is also relevant to the issue of whether he has waived defenses. See, e.g., *Commonwealth v. Chruscial,* 447 Pa. 17, 288 A. 2d 521 (1972); *Commonwealth v. Blackman,* 446 Pa. 61, 285 A. 2d 521 (1971); *Commonwealth v. Sampson,* 445 Pa. 558, 285 A. 2d 480 (1971); *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A. 2d 709 (1970). The appellant's version of the occurrence given during the degree of guilt hearing would itself exclude the possibility of a finding of self-defense. He testified that, after being released from prison on parole, he

went to live with his father and they quarreled constantly. On the day in question, they had argued about who was to clean the house. The appellant's father threatened to kill him if he did not leave the house. The appellant then testified that: "He (the father) broke for the gun and when I seen him I broke for it and I got it and just started shooting without thinking. I didn't mean to kill my father. If I had of been thinking, I would have threw the gun [away], do something. There is a number of things I could have done if I was thinking."

On numerous occasions we have stated the elements necessary to establish the defense of self-defense: "(1) The slayer must have been free from fault in provoking or continuing the difficulty which resulted in the killing; (2) The slayer must have reasonably believed that he was in imminent danger of death, great bodily harm, or some felony, and that there was a necessity to kill in order to save himself therefrom; (3) The slayer must not have violated any duty to retreat or avoid the danger." (Citations omitted.) *Commonwealth v. Johnston,* 438 Pa. 485, 489, 263 A. 2d 376, 379 (1970). On this record, we are satisfied that the appellant waived his plea of self-defense and find that it was knowingly and intelligently entered.

The appellant next urges that the trial judge should have refused to accept his guilty plea because it was without factual basis. See, *Commonwealth v. Jackson,* 450 Pa. 417, 299 A. 2d 209 (1973); *Commonwealth v. Maddox,* 450 Pa. 406, 300 A. 2d 503 (1973); *Commonwealth ex rel. West v. Rundle,* supra. We have held that a plea of guilty admits the crime of second degree murder, and that the defendant has the burden of mitigating the offense to voluntary manslaughter. *Commonwealth v. Bickley,* 448 Pa. 319, 292 A. 2d 317 (1972). The issue therefore becomes whether or not there was a factual basis for a verdict of second degree murder.

As we have noted, the appellant's version of the shooting would not support a claim of self-defense. The appellant takes the position, however, that as a matter of law these facts cannot support a verdict greater than voluntary manslaughter.[3] We disagree.

Malice may be inferred from the use of a gun upon a vital part of the body, and the finder of fact is not required to ignore this inference merely because the defendant testifies that he did not intend to take a person's life. *Commonwealth v. Gidaro*, 363 Pa. 472, 70 A. 2d 359 (1950). In order to reduce the offense to voluntary manslaughter, the killing must have been committed under the influence of sudden passion which places the defendant beyond the control of reason and which is due to legally adequate provocation. *Commonwealth v. Collins*, 440 Pa. 368, 269 A. 2d 882 (1970); *Commonwealth v. Brown*, 436 Pa. 423, 260 A. 2d 742 (1970). The appellant's argument with his father centered around appellant's refusal to share in the housework and often resulted in heated *verbal* exchanges. We have held, however, that no words of provocation, reproach or slight assault are sufficient to reduce a homicide to voluntary manslaughter. *Commonwealth v. Cisneros*, 381 Pa. 447, 451, 113 A. 2d 293 (1955). A fear of death or great bodily harm even though it is unreasonable may constitute sufficient provocation. *Commonwealth v. Jennings*, 442 Pa. 18, 274 A. 2d 767 (1971). However, here the defendant had undisputed control of the weapon when the fatal shot was fired. The fear that

[3] We have previously entertained such claims. *Commonwealth v. Dennis*, 451 Pa. 340, 304 A. 2d 111 (1973); *Commonwealth v. Swaney*, 445 Pa. 244, 284 A. 2d 732 (1971); *Commonwealth v. Brown*, 436 Pa. 423, 260 A. 2d 742 (1970); *Commonwealth v. Minnick*, 436 Pa. 42, 258 A. 2d 515 (1969); *Commonwealth v. Culpeper*, 434 Pa. 15, 252 A. 2d 624 (1969); *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968).

may have been engendered by the deceased's attempt to seize the pistol was neutralized by the admitted fact that it was the appellant who succeeded in gaining possession. The record is barren at that point of any factor that could have inspired a fear, no matter how unreasonable, or any evidence that the appellant was in fact seized by fear, albeit unreasonable.

The appellant's final assignment of error is that his counsel was ineffective in failing to file a motion to suppress an oral statement he made to the police, and in failing to move to consolidate the involuntary manslaughter indictment with the murder indictment.

In determining counsel's effectiveness, we will not substitute hindsight judgment for counsel's reasonable trial strategy. Thus, the test is whether the course of action chosen by counsel had any reasonable basis when compared with the alternatives. *Commonwealth v. Waters*, 441 Pa. 511, 273 A. 2d 329 (1971); *Commonwealth v. Couch*, 442 Pa. 402, 275 A. 2d 112 (1971). As this court stated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 605, 235 A. 2d 349 (1967): "Our task in cases of this nature therefore encompasses both an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Citations

omitted.) In view of the fact that both of the motions suggested by the appellant would have been fruitless, we find that counsel's decision not to pursue them was reasonable.

The appellant, at his post-conviction hearing, claimed that before making an oral statement, he had expressed a desire to have counsel present; making all further questioning impermissible. Cf. *Commonwealth v. Mercier*, 451 Pa. 211, 302 A. 2d 337 (1973); *Commonwealth v. Nathan*, 445 Pa. 470, 285 A. 2d 175 (1971). That claim is directly refuted by the testimony of the interrogating officer at the degree of guilt hearing, who stated that after he had advised the appellant of his *Miranda*[4] rights, and the appellant had stated that he understood those rights, ". . . [The appellant] stated he would give us an oral statement; however, he would not sign a written statement without an attorney being present. I told him this would be satisfactory. "Q. Did you explain that he did not have to make any oral statement? A. Yes, sir. I told him he could remain silent to start with." In view of the officer's testimony that the appellant expressed an immediate willingness to give an oral statement after being warned of his right to remain silent, a motion to suppress stood little chance of success. Moreover the impact of the statement was negligible since it differed from the facts which the appellant related at trial only in that it failed to mention that the deceased had made a motion for the gun. There were many reasonable explanations for this omission making the need to resort to an attempt to suppress the statement unnecessary. We therefore hold that appellant's trial counsel had a reasonable basis not to file the suppression motion.

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Similarly, consolidation of the involuntary manslaughter and murder indictments would not have aided the appellant, because the evidence in this case gives no indication that the killing was of an unintentional and involuntary nature so as to reduce the offense to involuntary manslaughter. See generally, *Commonwealth v. Root*, 191 Pa. Superior Ct. 238, 156 A. 2d 895 (1959). The trial judge, in the exercise of his discretion justifiably could have refused such a request in view of the evidence and, in all probability, would if such request had been made. There is no requirement that involuntary manslaughter be submitted as a possible verdict where the facts would not support such a verdict. *Commonwealth v. Flax*, 331 Pa. 145, 200 A. 632 (1938).

Rather than pursue such fruitless motions, counsel chose to concentrate his efforts upon securing a verdict of voluntary manslaughter. In view of the evidence set forth above, that tactic was certainly a reasonable one. The attorney who concentrates upon reasonable avenues of defense cannot be deemed to be ineffective.

The judgment of sentence is affirmed.

Mr. Justice MANDERINO concurs in the result.