331 A.2d 473
COMMONWEALTH of Pennsylvania, Appellee,
v.
Jessie Ciscero JOHNSON, Appellant
(two cases).

Supreme Court of Pennsylvania.

Submitted Nov. 11, 1974.

Decided Jan. 27, 1975.

172

Peter B. Scuderi, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief Appeals Div., James Garrett, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty., for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On September 12, 1972, the appellant, Jessie Ciscero Johnson, represented by counsel, entered a plea of guilty to murder generally. Following a degree of guilt hearing at which the district attorney certified to the court that the crime rose no higher than murder in the second degree, appellant was found guilty of that crime by the trial court and a sentence of five to twenty years was imposed. A direct appeal to this Court was taken from the

judgment of sentence.[1] However, upon the appointment of new counsel, appellant petitioned for remand of the case for the filing of a Post Conviction Hearing Act petition.[2] On July 3, 1973, we granted this petition through a per curiam order and the post-conviction petition was duly filed. On October 3, 1973, post-conviction relief was denied after a counseled evidentiary hearing, and an appeal was taken from such denial.[3] Both the appeal from the denial of post-conviction relief and the direct appeal from the judgment of sentence were subsequently consolidated for argument before this Court and will be disposed of in this one opinion.

The appellant asserts the plea was invalid as not being "voluntarily and understandingly made" because the evidence adduced at the guilty plea hearing established a valid defense to the charge. It is well settled that to be constitutionally valid, "a plea of guilty must have been voluntarily, knowingly and intelligently made by defendant, i. e., with an understanding of the nature of the charges against him, his right to a jury trial and an awareness of the consequences of his plea." *Commonwealth v. Enty*, 442 Pa. 39, 40, 271 A.2d 926, 929 (1971). See also *Commonwealth v. Roundtree*, 440 Pa. 199, 269 A.2d 709 (1970) ; *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968) ; *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A. 2d 424 (1964). But where the defendant, though pleading guilty, testifies to what amounts to a complete defense to the crime charged, the guilty plea cannot be considered a knowing and intelligent act and should not be accepted. *Commonwealth v. Blackman*, 446 Pa. 61, 285

---

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1974).

2. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180-1 et seq.

3. Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180-11.

A.2d 521 (1971); *Commonwealth v. Roundtree,* supra. *Commonwealth v. Cottrell,* 433 Pa. 177, 249 A.2d 294 (1969). Appellant contends the trial court erred in accepting his guilty plea because certain evidence, presented by stipulation, indicated a possibility of accidental homicide or the defense of self-defense. Specifically, appellant claims his statement to the police introduced into evidence through the stipulation, emphasizes that he unintentionally fired the weapon. An examination of the stipulated facts is, therefore, necessary.[4]

On April 12, 1972, the appellant returned home from his neighbor's house and found his wife Elizabeth, preparing lunch. After inquiring what there was to eat, the appellant went over to the oven and placed his hand into the pot, hoping to retrieve some ham. Before he could remove his hand from the pot, Elizabeth put the lid down upon it. The appellant pushed his wife away and went upstairs to the bedroom where he took his loaded gun from the dresser. He proceeded back downstairs and confronted his wife. While pointing the gun at her, the appellant said, "I know you been running around with John." After denying the accusation, Elizabeth swung a butcher knife at the appellant. Although the appellant told his wife to back off and fired a shot at the floor, she again swung her arm at the appellant and this time she knocked his hat off. As he reached down to pick up his hat, the gun discharged, killing his wife. An autopsy report revealed that death resulted from a gunshot wound of the trunk of the body.

If the foregoing did establish that the appellant shot his wife by accident or in self-defense, then the appellant would not be criminally responsible and the guilty plea should have been rejected as not made with a complete understanding of the charges against him. *Commonwealth v. Blackman,* supra; *Commonwealth v.*

4. The stipulated facts consisted primarily of a signed statement given to the police by the appellant.

*Roundtree, supra.*[5] However, we are convinced the stipulated facts clearly demonstrate the absence of any viable defense.

 Appellant contends the shooting was accidental and, therefore, excusable as homicide by misadventure. *Commonwealth v. Flax,* 331 Pa. 145, 156–157, 200 A. 632 (1938). He claims he carried the gun downstairs only to scare his wife and that he accidentally fired the fatal shot while bending down to retrieve his fallen hat. A similar contention was advanced and rejected by this Court in *Commonwealth v. Chruscial,* 447 Pa. 17, 288 A. 2d 521 (1972). Therein, the defendant testified at the time of the acceptance of his guilty plea, that he had visited the decedent carrying a loaded shotgun, seeking a reconciliation of past differences. He stated he took the shotgun along only to frighten her. A struggle ensued during which the shotgun went off, killing the decedent. In concluding the testimony failed to establish a defense, we said, "Accepting the testimony of Chruscial as true, it is clear it did not establish an excusable homicide or homicide by misadventure. To be such, the act resulting in death must, inter alia, be lawful. Pointing a firearm at another human being, even to scare, is not a lawful act in Pennsylvania." *Commonwealth v. Chruscial,* supra, at 20, 288 A.2d at 523. Similar reasoning is applicable to the facts herein and would deny the availability of this defense to the appellant.

 Alternatively, the appellant argues his statement establishes the shooting was in self-defense. However, to support a claim of self-defense, appellant must

5. We realize, in the instant case, the appellant did not testify at the plea proceedings. Thus, he did not plead guilty and then "in the next breath", assert facts which would establish that he is not guilty. *Commonwealth v. Roundtree,* supra, 440 Pa., at 202, 269 A.2d at 711. But, when it is the appellant's own confession which serves as the basis for the guilty plea, we feel that such a plea should not be accepted where the declaration asserts facts which, if believed, would constitute an effective defense.

show that he was free from fault in provoking or continuing the difficulty which resulted in the killing. *Commonwealth v. Carbonetto,* 455 Pa. 93, 314 A.2d 304 (1974); *Commonwealth v. Johnston,* 438 Pa. 485, 489, 263 A.2d 376 (1970). As we recognized in *Commonwealth v. Blackman,* supra, a valid claim of self-defense cannot be made out by the killer when the killer introduces a weapon into the encounter without provocation. Such introduction operates to deny the killer's assertion that he was free from fault in provoking the difficulty. Since the stipulated facts indicate that appellant brought the gun downstairs and pointed it at his wife prior to her lunging at him with the aforementioned knife, we must conclude the defense of self-defense was not established.

Notwithstanding the inadequacy of these possible defenses, the appellant contends his guilty plea must be considered not to have been knowingly and voluntarily entered because the trial court failed to apprise him of the availability of these defenses. He cites two decisions of the United States Court of Appeals for the Third Circuit which purport to interpret this Commonwealth's law, in support of the proposition that, before a guilty plea is accepted, the trial court must inform the defendant of all possible defenses available to him. See *United States ex rel. Crosby v. Brierly,* 404 F.2d 790 (3d Cir. 1968); *United States ex rel. McDonald v. Commonwealth of Pennsylvania,* 343 F.2d 447 (3d Cir. 1965). While we recognize the value of informing the defendant of his right to avail himself of all possible defenses, we are unwilling to hold that a failure to so do will *per se* invalidate the guilty plea.[6]

6. We noted in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), that where the defendant offers some exculpatory explanation prior to his making of a guilty plea, the trial judge should conduct an "especially diligent examination" to assure himself the defendant wishes to plead guilty in spite of possible available defenses. *Id.* at 202 n. 3, 316 A.2d at 79 n. 3. We specifically

██ ██ The guilty plea colloquy must be considered in light of the overall objective which is to insure that the plea is made with an understanding of the charges and an awareness of the consequences. *Commonwealth v. McNeill*, 453 Pa. 102, 106, 305 A.2d 51 (1973). Recognizing the difficulty in formulating a comprehensive list of questions a judge must ask of a defendant in determining whether the defendant understands the impact and consequences of his plea, the Comment to Rule 319 of the Pennsylvania Rules of Criminal Procedure, 19 P. S. Appendix, attempts to set forth guidelines to be followed.[7] We have previously recognized the omission of any particular question will not necessarily invalidate the guilty plea so long as there exists sufficient indication that the defendant did plead knowingly and voluntarily. See *Commonwealth v. McNeill*, supra.

██ A reading of the record in this case leads us to conclude that the Post Conviction Hearing Act court correctly concluded the guilty plea was knowingly and voluntarily entered. The guilty plea was entered with the advice of counsel. A lengthy colloquy ensued during which the nature and consequences of the plea were fully

recommend the type of colloquy outlined by Mr. Justice Roberts in *Commonwealth v. Jackson*, 450 Pa. 417, 420–422, 299 A.2d 209 (1973), as a means for assuring this objective.

7. The Comment recommends that "at a minimum" the trial judge should elicit the following information:
"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?
(2) Is there a factual basis for the plea?
(3) Does the defendant understand that he has the right to a trial by jury?
(4) Does the defendant understand that he is presumed innocent until he is found guilty?
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
See also *Commonwealth v. Martin*, 445 Pa. 49, 282 A.2d 241 (1971); ABA Standards Relating to Pleas of Guilty, Section 1.4(c) at 25–27 (Approved Draft, 1968).

and cogently explained to the appellant. The appellant was advised of his right to a jury trial, the presumption of innocence and the possible range of sentences for both second-degree murder and voluntary manslaughter. The appellant indicated that he had not been coerced into pleading guilty and that no promises, other than the promise that the crime would rise no higher than second-degree murder, had been made. The appellant, by his responses, clearly demonstrated an understanding of his rights and an awareness of the nature and consequences of his guilty plea. We conclude, under these circumstances, the failure of the trial court to have informed the appellant of possible defenses will not operate to invalidate the plea of guilty.[8]

Equally lacking in merit is the appellant's claim that the evidence was insufficient to raise the crime above voluntary manslaughter. When an accused pleads guilty to murder generally, he admits that a murder has been committed and that he is the perpetrator thereof; the plea in and of itself is sufficient to support a verdict of murder in the second degree. *Commonwealth v. Robinson*, 452 Pa. 316, 322, 305 A.2d 354 (1973); *Commonwealth v. Dennis*, 451 Pa. 340, 343, 304 A.2d 111 (1973); *Commonwealth v. Ward*, 442 Pa. 351, 356, 275 A.2d 92 (1971); *Commonwealth v. Dillinger*, 440 Pa. 336, 339, 269 A.2d 505 (1970). Although it is true that the plea admits that the Commonwealth has sufficient evidence to support a conviction for second degree murder, nevertheless the accused has the opportunity to introduce evidence which will mitigate the offense to voluntary manslaughter. *Commonwealth v. Walters*, 431 Pa. 74, 80, 244 A.2d 757 (1968); *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 340, 223 A.2d 699 (1966). It is settled law that to find voluntary manslaughter, the killing must have been committed under

8. Of course, had there been adequate grounds upon which to base a defense, we would have held the guilty plea invalid.

the influence of sudden passion which places the defendant beyond the control of reason and which is due to legally sufficient provocation. *Commonwealth v. Robinson,* supra at 323, 305 A.2d at 358; *Commonwealth v. Brown,* 436 Pa. 423, 427, 260 A.2d 742 (1970) ; *Commonwealth v. Walters,* supra, at 82, 244 A.2d at 762. Nowhere in the confession contained within the stipulated facts does the appellant contend the shooting resulted from any provocation. In view of this failure, we must conclude the lower court was justified in finding the appellant guilty of second degree murder.

Judgment and Order affirmed.

NIX and MANDERINO, JJ., concur in the result.