**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE PAYNE | : | |
| | : | |
| Appellant | : | No. 655 EDA 2016 |

Appeal from the Judgment of Sentence February 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008200-2014

BEFORE: GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:          **FILED SEPTEMBER 08, 2017**

Appellant, Shane Payne, appeals from the judgment of sentence of sixteen and one-half to thirty-three years of incarceration, imposed February 19, 2016, following a bench trial resulting in his conviction for voluntary manslaughter, possession of an instrument of crime, three Uniform Firearms Act violations (VUFAs), and recklessly endangering another person.[1] We affirm.

The trial court summarized the pertinent factual background as follows:

On February 11, 2014, [Appellant] and Erick Roseborough

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 2503(a)(1), 907(a), 6105(a)(1), 6106 (a)(1), 6108, and 2705, respectively.

arrived on the corner of 40th and Poplar streets in Philadelphia where they remained, either outside on the corner or inside of the corner store, until the decedent, Marquis Williams, showed up. Williams entered the store, and [Appellant] followed him in. Shortly thereafter, Williams attempted to leave the store, but [Appellant] blocked his exit and the two got into a heated confrontation. During this fray, [Appellant] lifted up his shirt, revealing that he had a .45 caliber handgun with him. [Appellant] and Roseborough then left the grocery store while [Williams] retreated to the rear of the market and called his friend, Antoine Ball, who arrived at the store shortly after. Now armed, [Williams] and Ball left the store and walked down 40th Street. A few minutes later, [Appellant] walked back into the store, quickly looked around, and realizing [Williams] was no longer in the store, exited and walked down 40th Street in the same direction Williams and Ball had gone. A confrontation between [Appellant], Roseborough, Williams and Ball ensued, in which Roseborough threw a punch at Williams, and [Appellant] drew his gun and then Williams followed suit. Williams fired two shots from his .357, and hit Roseborough once in the leg. [Appellant] had a .45 caliber handgun, which he shot five times, striking Williams twice, including one shot directly to the center of his forehead, causing his death.

Trial Ct. Op. (TCO), 7/18/2016, at 2-3.

Approximately one week after this incident, Appellant was arrested and charged with third degree murder, possession of an instrument of crime, three VUFAs, and recklessly endangering another person. *See* Criminal Information Sheet, 7/23/2014. At trial on December 7, 2015, Appellant asserted that he acted in self-defense. *See* Notes of Testimony (N.T.), 12/7/2015, at 124-125, 132-134, 142-143. The trial court found him guilty of the charges; however, the court reduced the charge of third degree murder, and Appellant was convicted of voluntary manslaughter. *See* Trial Ct. Op. (TCO), 7/18/2016, at 4.

Appellant was sentenced as described above on February 19, 2016. Appellant did not file post-sentence motions. Thereafter, Appellant timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement.[2] The trial court issued a Pa.R.A.P. 1925(a) opinion on July 18, 2016.

On appeal, Appellant sets forth the following question for our review:

Did the Commonwealth fail to disprove self-defense beyond a reasonable doubt where [Appellant] returned fire only after [Williams] shot a man just a few feet from [Appellant]?

Appellant's Br. at 5.[3]

_____

[2] Appellant timely filed a motion for extension of time to file a 1925(b) statement. The trial court granted this request and extended the deadline to twenty-one days after defense counsel's receipt of all notes of testimony. Order, 3/17/2016. *See* Pa.R.A.P. 1925(b)(2) (providing that the trial court may enlarge the time period for filing a timely 1925(b) statement upon good cause shown). Counsel for Appellant certified that he received the notes of testimony on May 5, 2016; the 1925(b) statement was filed May 25, 2016. Accordingly, the statement was timely.

[3] In his brief, Appellant makes two arguments: (1) that the Commonwealth failed to disprove self-defense beyond a reasonable doubt, and (2) that the Commonwealth failed to disprove that the killing was not justified based on defense of others. The Commonwealth contends that Appellant waived the right to assert defense of others by failing to include it his Pa.R.A.P. 1925(b) statement. *See* Commonwealth's Br. at 6 n.2.

Our review of the record reveals that Appellant did not argue that he acted in "defense of others" at trial. The only mention of "defense of others" was by the assistant district attorney during closing argument. *See* N.T. at 137. Appellant's Concise Statement presents a blanket challenge to the sufficiency of the evidence to support any of his convictions, without specifying any defense of others claim. Further, the lack of meaningful analysis of this claim in the trial court's 1925(b) opinion suggests that Appellant failed to preserve his argument based on "defense of others."
*(Footnote Continued Next Page)*

Appellant challenges the sufficiency of the evidence presented at trial to disprove his claim of self-defense. *See* Appellant's Br. at 15. Our standard of review is well settled.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict[-]winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Emler*, 903 A.2d 1273, 1276–77 (Pa. Super. 2006) (quotations and citation omitted).

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

*See, e.g., Commonwealth v. Allshouse*, 969 A.2d 1236, 1240 (Pa. Super. 2009) (finding issues waived where on 1925(b) statement did not put trial court on notice that appellant intended to raise the argument on appeal).

For the first time on appeal, Appellant asserts that the evidence was insufficient to disprove that he acted in defense of others. *See* Appellant's Br. at 18, 22-23. "Issues not raised in the lower court are waived and cannot be raised for the first time of appeal." Pa.R.A.P. 302(a). "New legal theories cannot be raised on appeal." *Commonwealth v. Truong*, 36 A.3d 592, 598 (Pa. Super. 2012) (en banc), *appeal denied*, 57 A.2d 70 (Pa. 2012) (citing *Commonwealth v. Hanford*, 937 A.2d 1094, 1099 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008)); *see* Pa.R.A.P. 302(a). Accordingly, we deem this argument to be waived.

Where there is a claim of self-defense, the Commonwealth has the burden to prove beyond a reasonable doubt that the killing was not committed in self-defense. In order to disprove self-defense, the Commonwealth must prove beyond a reasonable doubt one of the following elements: (1) that the defendant did not reasonably believe it was necessary to kill in order to protect himself against death or serious bodily harm, or that the defendant used more force than was necessary to save himself from death, great bodily harm, or the commission of a felony; (2) that the defendant provoked the use of force; or (3) that the defendant had a duty to retreat and that retreat was possible with complete safety. **See** 18 Pa.C.S.A. § 505(b)(2); **see also Commonwealth v. Hill**, 629 A.2d 949, 952 (Pa. Super. 1993). If the Commonwealth establishes any one of these three elements beyond a reasonable doubt, then the conviction is insulated from a defense challenge to the sufficiency of the evidence where self-protection is at issue. **See Hill**, 629 A.2d at 952.

**Commonwealth v. Burns**, 765 A.2d 1144, 1148–49 (Pa. Super. 2000) (internal citation omitted).

Appellant contends that the Commonwealth failed to establish that he provoked the use of force and that his use of deadly force was not justifiable in self-defense. According to Appellant, some of the trial court's factual findings were not supported by the record. He maintains that the evidence that the trial court relied upon to conclude that Appellant threatened Williams with a handgun at the store "was, at best, equivocal." Appellant's Br. at 17, 19. He also challenges the court's finding that Appellant "fired five shots at [Williams] before [Williams] shot [Roseborough]." **Id.** at 20. According to Appellant, if the court had properly considered this evidence, then the Commonwealth would have failed to establish "that [Appellant]

- 5 -

provoked the later confrontation and then responded with excessive force." ***Id.*** at 20.

In response, the Commonwealth maintains that it presented sufficient evidence of provocation to disprove Appellant's claim of self-defense beyond a reasonable doubt. ***See*** Commonwealth's Br. at 7-9. The Commonwealth maintains that the evidence established that Appellant threatened Williams with a gun inside the store and that Appellant initiated the confrontation with the victim that resulted in the killing. ***Id.*** Thus, the Commonwealth concludes that Appellant cannot make out a valid self-defense claim. ***See id.*** (citing ***Commonwealth v. Johnson***, 331 A.2d 473, 476 (Pa. 1975) ("a valid claim of self-defense cannot be made out by the killer when the killer introduces a weapon into the encounter without provocation")).

Here, the issue is whether the Commonwealth presented sufficient evidence of provocation to disprove Appellant's claim of self-defense beyond a reasonable doubt. At trial, the Commonwealth presented video surveillance footage depicting the incident from various angles inside and outside of the store. The video footage was interpreted for the court by a detective at trial.[4] The trial court found that Williams was in a corner store

---

[4] We adhere to the findings of the fact finder, which are supported by the record and testimony of the detective who interpreted the video-taped events at trial. ***See*** N.T., 12/7/2015, at 28-80.

and attempting to leave "when [Appellant] blocked his exit and the two argued." TCO at 4 (citing Notes of Testimony (N.T.), 12/7/2015, at 39-42).

The Commonwealth also presented the eyewitness testimony of Appellant's cohort, Roseborough. Roseborough's testimony confirms that Appellant and Williams had a very heated conversation at the door, which lasted about thirty seconds. **See id.** at 95, 100. The Commonwealth replayed the video in slow motion at trial for the factfinder. **See id.** at 96-98. Roseborough testified that Appellant "pulled his pants up" while standing at the door and the Commonwealth suggested that Appellant revealed something under his shirt. **Id.** at 97-98. Roseborough testified that "[i]t look[ed] like a weapon." **Id.** at 98. Based on Roseborough's testimony, the court found that during this conversation, "Appellant brandished a .45 caliber handgun and threatened Williams." TCO at 4 (citing N.T. at 96-98).

Based on the video footage, the court found that Appellant and Roseborough followed Williams and confronted him again outside of the store. **See** TCO at 4. Roseborough's testimony confirms that they did so because they were "looking for weed." **See** N.T. at 93. When they approached Williams, Roseborough asked Williams for some weed and Williams said "get the **** out of here." **Id.** Roseborough admitted to pushing or taking a swing at Williams and then Williams pulled a gun and shot Roseborough in the leg. **See** N.T. at 90-91, 94. After Williams pulled

his gun, Appellant fired several times at Williams, striking him twice. ***See id.*** at 90-91, 116-118.

The trial court's findings with regard to provocation are supported by the record. We reject Appellant's arguments that the trial court erred in making its factual findings. Evidence that an actor introduced a weapon into the encounter without provocation "operates to deny the killer's assertion that he was free from fault in provoking the difficulty." ***Johnson***, 331 A.2d at 476. Here, the evidence overwhelmingly proved that Appellant was not free from fault because he voluntarily provoked or continued the encounter which resulted in the killing, thereby violating his duty to retreat.

Relying on ***Commonwealth v. Samuel***, 590 A.2d 1245, 1248 (Pa. 1991), Appellant argues that he did not forfeit his right to use self-defense by brandishing a weapon. He also argues that brandishing a weapon did not establish his intent to cause serious bodily injury. ***See*** Appellant's Br. at 25. However, Appellant's reliance on ***Samuel*** is misplaced. In ***Samuel***, the Court held that a defendant merely holding his gun at his side did not constitute provocation because: 1) there was no other evidence of the defendant's intent to cause death or serious bodily injury as he had held the gun at his side in a nonthreatening manner; and 2) following an initial encounter, the defendant put down his gun, the intruder left the room but then re-entered into the living room with a sawed-off shotgun, placing the intruder in the position of aggressor. ***See Samuel***, 590 A.2d at 1248-49.

Unlike in **Samuel**, Appellant approached Williams on both occasions. Appellant was continuously in the position of the aggressor. There is no justification available where the actor provoked the encounter that leads to the killing.

Further, Appellant's reliance on **Commonwealth v. Edwards**, 292 A.2d 361 (Pa. 1972), is inapposite. In that case, the Supreme Court recognized that "appellant was assaulted in his own home, which relieved him of any obligation to retreat." **Edwards**, 292 A.2d at 364. Here, the evidence clearly established that the events took place in a public place. The second time Appellant approached Williams, Williams' statement "get the **** out of here" clearly indicated the tenor of the situation and gave Appellant an opportunity to retreat, which he ignored. N.T. at 93. Unlike in **Edwards**, Appellant was not relieved of any obligation to retreat.

The evidence, when properly viewed in the light most favorable to the Commonwealth as verdict winner, established that Appellant confronted Williams with a deadly weapon and then followed Williams to start a second confrontation that resulted in the killing. Here, the evidence was sufficient to disprove Appellant's claim of self-defense beyond a reasonable doubt based on evidence that Appellant "provoked the use of force." **See Burns**, 765 A.2d at 1149 (citing 18 Pa.C.S. § 505(b)(2)(i)). This evidence established that Appellant was not free from fault in provoking the encounter that led to the killing. **See Johnson**, 331 A.2d at 476. Under these

circumstances, the use of deadly force in self-defense was not justified. ***See***

18 Pa.C.S. § 2503(a); ***see also*** 18 Pa.C.S. § 505(b)(2)(i)-(ii). Accordingly,

Appellant's sufficiency challenge fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017