## Commonwealth *v.* Ingram, Appellant.

Submitted April 21, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Tommy Ingram,* appellant, in propria persona.

*Stephen W. Kline* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 29, 1967:

Appellant, Tommy Ingram, while represented by counsel, entered a plea of guilty to a charge of murder, and the Commonwealth certified that guilt could rise no higher than murder in the second degree. Before accepting this plea, the trial court thoroughly inquired of appellant as to his understanding of the plea that was being entered, and if it were being done intelligently and voluntarily.

Appellant was found guilty of murder in the second degree and sentenced to a term of 10 to 20 years imprisonment. At a later date, on defense counsel's motion, the trial court vacated the original sentence and resentenced the appellant to 8 to 20 years. No appeal was taken from this sentence.

In accordance with the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 (Supp. 1966), appellant filed the instant petition for collateral relief. A voluntary defender was appointed to argue the merits of appellant's cause, and at that time, appellant asserted that he was entitled to relief, as he had signed an involuntary statement which was obtained in the absence of counsel without his having been advised of his right to remain silent. He further asserted that prior to trial, he indicated to counsel his intention to plead not guilty; that counsel informed him he would only receive a sentence of 3 years for manslaughter; and that on this advice, he entered a guilty plea. He further averred that the court never advised him of the consequences of his guilty

plea; and that the reduction of the original 10 to 20 year sentence to 8 to 20 years, was a mere token gesture.

In *Com. ex rel. Sanders v. Maroney*, 417 Pa. 380, 382, 207 A. 2d 789, 790 (1965), we held that even if a defendant pleads guilty to murder generally, he does not waive the right to object to the admission of improper evidence which will bear on the degree of guilt and the punishment to be imposed. In the instant case, however, appellant's plea of guilty was equivalent to a conviction of murder in the second degree, a fact that the Commonwealth certified to, and absent any unusual circumstances, constitutes a waiver of all non-jurisdictional defects and defenses. *Com. ex rel. Bostic v. Cavell*, 424 Pa. 573, 227 A. 2d 662 (1967).

Appellant, in his petition, attempts to overcome the presumption that his guilty plea was knowingly and intelligently entered by alleging that he was never advised of the legal consequences of such a plea; that he was informed by counsel that he would get only 3 years for manslaughter if he pleaded guilty; and the court's failure to ascertain if the plea of guilty was voluntarily or involuntarily made. A hearing in the court below was held on this matter, but appellant contends the court erred in not applying the proper law.

The record, however, does not support appellant's cause. In fact, it unequivocally refutes his contention. The record reveals that Mr. Ingram's attorney questioned him as to his age, education and understanding of the charge against him; that two attorneys were appointed to defend him; that they did confer with him, and that after this, they advised him to plead guilty. The appellant's answers indicate clearly that he was fully advised, understood what he was doing, and agreed to abide by the advice of his attorneys. The appellant was then questioned by the court as to his understanding of the consequences that could result

from his guilty plea, and the Commonwealth, by its attorney, also questioned appellant as to his background, as to any mental illness, mental problems or other similar disorders, and as to his being satisfied with the advice of his counsel and their investigations undertaken in his behalf. The Commonwealth then certified to the court that the case would rise no higher than second degree murder.

The court then asked appellant if he understood that with the acceptance of his plea and the statement of the district attorney, the charge would rise no higher than second degree murder, and that he could be imprisoned for a term of 10 to 20 years. The court then asked: "Do you understand that?", to which appellant replied "Yes". The court then asked him if, on the basis of the information which had been presented, he was willing to stand on his plea, to which the appellant replied "Yes, sir."

We find under these circumstances that the court below was correct in finding that appellant's contentions are without merit.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.