366 A.2d 299
**COMMONWEALTH of Pennsylvania**
v.
**Joseph MILLER, Appellant.**

Superior Court of Pennsylvania.
Submitted Nov. 24, 1975.
Decided Nov. 22, 1976.

John J. Dean, Donna Jo McDaniel, Anthony J. Lalama, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is a direct appeal from a judgment of sentence of the Court of Common Pleas of Allegheny County, Criminal Division, following a conviction of theft, forgery, uttering forged instruments, and possession of a controlled substance. Post-trial motions were timely filed and denied.

Appellant contends that his waiver of jury trial was invalid. The record indicates that an extensive colloquy was conducted, with the court and defense counsel (a public defender handling the case as private counsel) alternating the questioning. Counsel asked what would

have been, except for the response, a concluding question:

> "And notwithstanding what Judge Fiok and I have said, you are waiving your right to trial by jury?"

Appellant answered:

> "Maybe I shouldn't, maybe I should take a jury. I'd like to have a jury trial."

Counsel reminded appellant that he could not represent him in a jury trial as he was taking the case as private counsel. (Public Defenders in Allegheny County are restricted, as a matter of office policy, to guilty pleas and non-jury trials in their private criminal practice.) Appellant reiterated that he wanted a jury. The court ordered that a jury be selected. A brief consultation between appellant and counsel apparently followed, whereupon a further exchange took place:

> "Mr. Swem: Your Honor, Mr. Miller has something he'd like to say.
>
> The Court: No, there's nothing to discuss at this time. He made his selection, that's it.
>
> Mr. Swem: He said he'd like to go non-jury now.
>
> Mr. Miller: I have no money for another attorney. Mr. Swem said he can't represent me if I go to a jury trial, and that means I'll be without a lawyer. I made a mistake, anyway."

After further questioning by the court to establish that appellant's choice was not the result of any threats or inducements, his waiver was accepted.

The closest parallel we find to appellant's dilemma is that of the defendant in *Commonwealth v. Werner*, 217 Pa.Super. 49, 268 A.2d 195 (1970), who was presented by counsel who had previously represented two of his co-defendants, both of whom had pleaded guilty. The court held that the circumstances of the case showed a conflict of interest and proceeded to examine the pre-

trial colloquy to ascertain whether the defendant had intelligently waived his right to have counsel unburdened by a conflict of interest. Our court stated at pages 57–59, 268 A.2d at page 199:

"In order for an accused to intelligently evaluate his predicament, he should know what a lawyer representing him alone could do. He should know what a lawyer who represents another co-defendant may be hindered from doing. The court should tell the accused that if he cannot afford to hire another lawyer, then he will be represented by a court-appointed attorney. . . .

"We are convinced that appellant could not intelligently evaluate whether to waive counsel. The colloquy does not indicate that he was aware of the considerations that underlay his choice. . . .

"Apparently . . . appellant was concerned that he could not afford to employ counsel. He knew trial counsel and intended to 'pay him in the future.' It may indeed have been the case that appellant was reluctant to attempt to search anew for counsel. The court did not inform him that should he wish to change counsel and should he be unable to hire another, he would have counsel appointed to represent him.

". . . The colloquy of the court is insufficient to establish a competent and intelligent waiver. Since we cannot tell what choice appellant would have made had he been informed and since a potential of harm existed from the dual representation, we conclude that error was committed below."

The instant appellant was likewise uninformed of his right to have other counsel appointed if he wanted a jury trial and could not afford to hire new counsel. His belief, never corrected by the court, that he had to choose between the exercise of two fundamental rights—trial by

jury and assistance of counsel—makes it impossible to conclude that his waiver of jury trial was a knowing one.[1]

Judgment reversed and the case is remanded for a new trial.

SPAETH, J., files a concurring opinion.

PRICE, J., files a dissenting opinion in which VAN der VOORT, J., concurs in the result.

SPAETH, Judge (concurring):

I join Judge CERCONE's opinion because, as I read it, it does not announce a new rule, or any rule, regarding what must be included in a colloquy, but, rather, is limited to a situation where it appears on the record that the defendant did not intelligently waive his right to a jury trial. Here, this appears because of what was said in the colloquy. In another case it may appear in some other way. Our holding is not that a colloquy must include certain questions. *See, e. g., Commonwealth v. Ingram,* 426 Pa. 44, 231 A.2d 124 (1967). It is only that this appellant did not know enough to make an intelligent decision.

PRICE, Judge (dissenting):

1. This case is one of first impression in this Commonwealth, and we have no reason, presently, to believe that it will not remain unique. We hasten to add, however, that should the current policy of the Public Defender's Office of Allegheny County lead to continued challenges to the voluntariness and intelligence of jury trial waivers in the future, that policy will have to be revamped. We also suggest that those public defenders who practice as private criminal defense attorneys consult the Canons of Ethics, Disciplinary Rule 5–101(A) which provides:

"Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests."

We believe that adherence to the spirit, as well as the letter, of that directive will help to obviate the problem posed in the instant case.

Because I believe the majority opinion adds an entirely new element to the required colloquy for establishing a competent, knowing, intelligent waiver of jury trial, which, contrary to that opinion, (See note 1, 244 Pa. Super. 30, 366 A.2d 300) will not remain unique, and, because I cannot agree to the wisdom or necessity for such an addition, I must respectfully dissent.

As I read the majority opinion, in every non-jury trial where defendant is represented by private counsel, a trial judge in Pennsylvania will now be required to inquire into the fee arrangements between that counsel and that defendant. Should that inquiry reveal that the attorney's fee may increase in a jury trial, then a further inquiry must develop completely whether or not that increase in fee is a factor in the decision of that defendant to go non-jury. If it is a factor, then it must be determined whether or not that defendant can afford present counsel's fee for a jury trial, or after advising defendant of his right to free counsel if it is said he cannot afford a jury trial with present counsel, the case will have to be continued for some later determination of defendant's eligibility for free representation.

At the trial stage of any criminal proceeding, not just in Pennsylvania but throughout the United States, the defendant's time for selecting counsel has passed. And, conversely, counsel's time for rejecting that defendant's defense has passed.

To reopen the inquiry at that stage is to open a Pandora's box of options, both to counsel and to defendant, that is not required under any known authority I am aware of and is a requirement that impairs the orderly administration of justice.

*Commonwealth v. Werner*, 217 Pa.Super. 49, 268 A.2d 195 (1970), involved a conflict of interest by counsel, a matter defendant's knowledge of which I accept as an element necessary to intelligent waiver of the right to independent counsel. As such a case, it is clear that de-

fendant had an option, upon advisement of a possible conflict of interest, either to waive the possible prejudice or secure new counsel, free counsel if circumstances so dictated.

This appeal does not involve that option. Additional time in trial for counsel who has accepted the defense cannot make that option available. And this is so regardless of the policy of the Public Defender's Office of Allegheny County, or indeed any other policy that is contrary to the law and the interests of justice.

I too hope that such policy will be revamped. Indeed it should be abandoned, and if not abandoned, it should be condemned. The possibilities of error and abuse abound in the situation where a part-time Public Defender appears as private counsel. Or, in some counties, such as Allegheny, is it a Public Defender appearing as part-time private counsel? Where, as in this appeal, defendant is represented on appeal by the Public Defender, and at trial by a Public Defender as private counsel, when must the claim of ineffective assistance of counsel be raised, as it surely will be raised eventually? And this is not in any way a comment on this attorney, who is a fine person of unquestioned ability.

And of course, since the same question could arise on a guilty plea, all of the same problems could arise.

Further, even were I to agree with the majority, the merits of this case are at best lacking in merit and at worst frivolous. Following the colloquy quoted by the majority (244 Pa.Super. 29, 366 A.2d 299) wherein this defendant says he has no money for another attorney and acknowledges that he made a mistake, the following appears:

> "Mr. Swem: And you are saying now, in lieu of notwithstanding what you said earlier, that you wish to go non-jury.

Mr. Miller: Yes, I do.

The Court: Are you sure now?

Mr. Miller: Yes, I'm positive.

The Court: Have any threats or inducements of any kind been used against you to have you change your mind?

Mr. Miller: No, sir.

The Court: Is this what you want to do now? I want to be absolutely sure.

Mr. Miller: Yes, sir, I'm certain that's what I want to do.

The Court: You were on your way out to select a jury, and apparently you changed your mind. Is that correct?

Mr. Miller: Yes, sir.

The Court: All right."
(T 8–9)

The other contentions raised by appellant also lack merit, hence I would affirm the judgment of sentence.

VAN der VOORT, J., concurs in the result of this dissenting opinion.